NO.
12-07-00183-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      

IN RE:

§                      ORIGINAL
PROCEEDING

DAWN MCKILLIP-ODOM

§                      

                                                                                                                                                           


MEMORANDUM OPINION

            Dawn
McKillip-Odom filed a petition for writ of mandamus challenging the trial court’s
order granting the motion to sever filed by real parties in interest,
Fredericka Ann Mason and Gordon Knight as next friends of Jalyn Coxen (the “Coxen
plaintiffs”).  By granting the motion,
the trial court severed the negligence claims asserted by Kerry Caudle,
Elizabeth Sanders, and Wilma Caudle in her capacity as dependent administrator
of the Estate of Miranda Caudle (the “Caudle plaintiffs”) and the contribution
claims asserted by McKillip-Odom against the Caudle plaintiffs from the
negligence claims asserted by the Coxen plaintiffs and the contribution claims
asserted by McKillip-Odom against the Coxen plaintiffs.  We conditionally grant the petition.

 

Background

            On July 9,
2004, a serious accident occurred involving vehicles driven by Miranda Caudle
and McKillip-Odom.  Caudle died as a
result of injuries sustained in the accident, and Jalyn Coxen, a passenger in
Caudle’s vehicle, sustained severe injuries.

            In 2005, the
Coxen plaintiffs brought suit against McKillip-Odom and the estate of Miranda
Caudle.[1]  On November 2, 2005, the Caudle plaintiffs
intervened in the suit and asserted claims against McKillip-Odom.  The Coxen plaintiffs’ and the Caudle
plaintiffs’ claims against McKillip-Odom were based on allegations of
negligence regarding McKillip-Odom’s operation of her vehicle and the
maintenance of her vehicle prior to the accident.  On January 8, 2007, McKillip-Odom filed
claims for contribution against the Coxen plaintiffs and the Caudle plaintiffs.

            On April 20,
2007, the Coxen plaintiffs brought a motion to sever the claims of the Coxen
plaintiffs from the claims of the Caudle plaintiffs.  The trial court heard the motion on May 3,
2007, and McKillip-Odom objected to the severance at the hearing.  The trial court orally granted the motion at
the hearing.  On May 9, 2007,
McKillip-Odom filed a written response to the motion to sever.  On May 11, 2007, the trial court signed an
order granting the motion to sever.  The
order severed not only the Caudle plaintiffs’ claims from those of the Coxen
plaintiffs, but also severed McKillip-Odom’s claims against the Caudle
plaintiffs.  The order assigned the
severed claims a new cause number.  This
original proceeding followed.  Along with
her mandamus petition, McKillip-Odom also filed a motion for emergency relief,
which was granted.

 

Preservation of Error

            McKillip-Odom asserts that the trial
court abused its discretion when it granted the Coxen plaintiffs’ motion to
sever because the parties’ claims are so interwoven that they involve common
facts and issues.  The Caudle plaintiffs
allege that McKillip-Odom failed to preserve her complaint for review and
therefore is not entitled to mandamus. 
To preserve a complaint for mandamus review, McKillip-Odom was required
to present the complaint to the trial court “by a timely request, objection or
motion that  . . .  stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint. . . .”  See Tex.
R. App. P. 33.1; see also In re E. Tex. Med. Ctr. Athens,
154 S.W.3d 933, 936 (Tex. App.–Tyler 2005, orig. proceeding).  This rule ensures that the trial court has
had the opportunity to rule on matters for which parties later seek mandamus
review.  In re E. Tex. Med. Ctr.
Athens, 154 S.W.3d at 936.

            In this case, at the hearing on the motion to sever, McKillip-Odom
objected to the severance
because it would “involve two trials with the same
people with the same issues.”  This
objection is sufficiently specific to inform the trial court of her complaint
that severance was improper because the claims were interwoven.  Consequently, the trial court had the
opportunity to rule on the matter before McKillip-Odom filed this original
proceeding.  Because McKillip-Odom
complied with Rule 33.1, we will consider the merits of McKillip-Odom’s
complaint.

 

Availability
of Mandamus

            Mandamus will issue to correct a
clear abuse of discretion where there is no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992).  To determine
whether the trial court clearly abused its discretion, the reviewing court must
consider whether the challenged ruling or order was one compelled by the facts
and circumstances or was arbitrary, unreasonable, or reached without reference
to any guiding rules or principles.  In
re Huag, 175 S.W.3d 449, 451 (Tex. App.–Houston [14th Dist.] 2005, no
pet.).  A clear failure by the trial
court to analyze or apply the law correctly will constitute an abuse of
discretion.  Walker, 827
S.W.2d at 840.  The trial court has no
discretion in determining what the law is or applying the law to the facts.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135 (Tex. 2004).  An
appellate remedy is “adequate” when any benefits to mandamus review are
outweighed by the detriments.  Id.
at 136.  This determination depends
heavily on the circumstances presented and is better guided by general
principles than by simple rules.  Id.
at 137.  The party seeking the writ of
mandamus has the burden of showing that the trial court abused its discretion
and that appeal is an inadequate remedy. 
In re E. Tex. Med. Ctr. Athens, 154 S.W.3d at 935.

 

Abuse of
Discretion

            The
Texas Rules of Civil Procedure provide that “[a]ny claim against a party may be
severed and proceeded with separately.”  Tex. R. Civ. P. 41.  A trial court severs a lawsuit when it splits
the lawsuit into two or more independent actions, and each action, if brought
to conclusion, results in an appealable final judgment.[2]  See Van Dyke v. Boswell, O’Toole,
Davis & Pickering, 697 S.W.2d 381, 383 (Tex. 1985); see also Tex. R. Civ. P. 41.  Severance of claims under the Texas Rules of
Civil Procedure rests within the sound discretion of the trial court.  Liberty Nat’l Fire Ins. Co. v. Akin,
927 S.W.2d 627, 629 (Tex. 1996).  A trial
court properly exercises its discretion in severing claims when 1) the lawsuit
involves more than one cause of action; 2) the severed claim could be asserted
independently in a separate lawsuit; and 3) the severed claim is not so
interwoven with the other claims that they involve the same facts and
issues.   Id.  

            Here,
the Coxen plaintiffs assert that McKillip-Odom was negligent, specifically
alleging that she 1) traveled at an excessive speed, 2) failed to brake
properly, 3) lost control of her vehicle, 4) had defective brakes, 5) had
insufficient tire tread, which affected the braking ability of her vehicle, 6)
failed to maintain a proper lookout, 7) utilized a commercial vehicle when it
was in an overall defective condition, 8) used an overloaded vehicle, 9) failed
to take proper evasive action, and 10) turned to the left when she should have
turned to the right or continued traveling straight.  The Caudle plaintiffs assert McKillip-Odom
was negligent, specifically alleging that she 1) operated her vehicle at an
unsafe speed, 2) operated an improperly maintained vehicle, 3) failed to
maintain a proper lookout, 4) operated her vehicle in an unsafe manner
considering the condition of the vehicle, 5) operated her vehicle in an unsafe
manner considering the load being carried, 6) operated her vehicle unsafely for
the traffic conditions, 7) failed to keep her vehicle in the condition required
by law, 8) failed to submit her vehicle for inspection, and 9) failed to
operate her vehicle in a manner consistent with the standards and practices of
commercial drivers.  The negligence
claims alleged by the  Coxen plaintiffs
and by the Caudle plaintiffs relate to McKillip-Odom’s alleged acts or omissions
that resulted in the accident that occurred on July 9, 2004.  Consequently, the facts and issues related to
McKillip-Odom’s liability are the same for the Coxen plaintiffs as for the
Caudle plaintiffs.  See State
Dep’t of Highways v. Cotner, 845 S.W.2d 818, 819 (Tex. 1993).  Therefore, the Coxen plaintiffs did not
satisfy the third criterion for severance. 
See Akin, 927 S.W.2d at 629 (severed claim should not be
so interwoven with other claims that they involve same facts and issues).  By severing the Coxen plaintiffs’ negligence
claims from the Caudle plaintiffs’ negligence claims, the trial court abused
its discretion.

            The
trial court also severed McKillip-Odom’s contribution claims against the Caudle
plaintiffs.  These contribution claims
related to Miranda Caudle’s alleged negligence. 
McKillip-Odom specifically alleged that Caudle 1) failed to keep a
proper lookout, 2) operated her vehicle at an unsafe speed, 3) failed to timely
brake, 4) failed to maintain a safe distance, 5) operated her vehicle in an
unsafe and hazardous manner, 6) failed to take proper evasive action, and 7)
violated several Texas traffic laws.  The
Coxen plaintiffs allege that Caudle was negligent because she failed to
maintain a proper lookout.  This claim
relates to the same facts and issues that will be litigated by the Caudle
plaintiffs. Therefore, the severance of McKillip-Odom’s contribution claims
against the Caudle plaintiffs was also an abuse of discretion.  See F.F.P. Operating Partners, L.P. v.
Duenez, No. 02-0381, 2007 Tex. LEXIS 432, at *40-41 (Tex. 2007).

 

Adequate
Remedy at Law

            Having
determined that the granting of the motion to sever was an abuse of discretion,
we next consider whether McKillip-Odom has an adequate remedy at law.  Mandamus is not to be used as a substitute
for an ordinary appeal.  In re
Barrett, 149 S.W.3d 275, 280 (Tex. App.–Tyler 2004, orig.
proceeding).  But mandamus review can be
used to “spare private parties and the public the time and money utterly wasted
enduring eventual reversal of improperly conducted proceedings.”  In re Prudential, 148 S.W.3d at
136.  In addressing whether there is an
adequate remedy by appeal, the word “adequate” has no comprehensive definition;
it is simply a reference to the careful balance of jurisprudential
considerations that determine when appellate courts will use original mandamus
proceedings to review the actions of lower courts.  Id.  These considerations implicate both public
and private interests.  Id.  An appellate remedy is “adequate” when any
benefits to mandamus review are outweighed by the detriments.  Id. Conversely, when the
benefits outweigh the detriments, appellate courts must consider whether the
appellate remedy is adequate.  Id.  Among other factors, we consider the
procedural dynamics of the case in determining whether the appellate remedy is
adequate.  Id.

            A party “has
a substantial right to present the complete set of intertwined facts and issues
germane to his claims, to one factfinder, in one proceeding,
rather than in two separate suits that are all but foreordained to generate,
collectively, a decision destined to fail in the appellate process.”  Jones v. Ray, 886 S.W.2d 817,
822 (Tex. App.–Houston [1st Dist.] 1994, no pet.) (emphasis in original).  Here, if we allowed the improper severance to
stand, McKillip-Odom would be required to defend the case on two fronts (first
against the Coxen plaintiffs and then against the Caudle plaintiffs) and in
piecemeal fashion, thus losing this substantial right.  The assertion that collateral estoppel may
limit the second trial weighs in favor of mandamus.  Finally, “[a]ppeal may be adequate for a
particular party, but it is no remedy at all for the irreversible waste of
judicial and public resources . . . .”  Id.
(quoting In re Masonite Corp., 997 S.W.2d 194, 198 (Tex.
1999)).  Improper severance is reversible
error.    See, e.g., F.F.P.
Operating Partners, L.P. v. Duenez, 2007 Tex. LEXIS 432, at *12.  Therefore, the two trials that the severance
would effect constitute a waste of public and judicial resources. See Jones,
886 S.W.2d at 823 n.9.  Under the facts
of this case, we conclude that the benefits of mandamus outweigh the
detriments.  Accordingly, we hold that
McKillip-Odom does not have an adequate remedy at law.

 

Disposition

            Having
concluded that the trial court abused its discretion by granting the motion to
sever and that McKillip-Odom does not have an adequate remedy at law, we conditionally
grant mandamus relief. We trust that the trial court will promptly
vacate its order of May 11, 2007 granting the Coxen plaintiffs’ motion to sever
and enter an order denying the motion. 
The writ will issue only if the trial court fails to comply with this
court’s opinion and order within ten days.  The trial court shall furnish this court,
within the time for compliance with this court’s opinion and order, a certified
copy of its order evidencing such compliance.  Our stay of May 15, 2007 is lifted.

            

                                                                                                     BRIAN HOYLE    

                                                                                                              Justice

Opinion delivered July 18,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

(PUBLISH)











[1]  Gordon Knight, next friend
of Jalyn Nicole Coxen, was not initially named as a plaintiff but joined the
suit sometime after it was filed.  The
estate of Miranda Caudle rather than the personal representative of the estate
was named as a defendant.  





[2]  In
their response to McKillip-Odom’s mandamus petition, the Coxen plaintiffs make
numerous references to “separate trials.” 
The trial court’s order severed the case into two separate cases with
separate cause numbers rather than ordering separate trials for one case with
the same cause number.  Compare Tex. R. Civ. P. 41 with Tex. R. Civ. P. 174(b).  Accordingly, we examine whether the severance
was proper.