Ellen Jill MACKEY, Relator

v.

**Hon. Phillip O. VICK, Judge, 158th Judicial District Court, Respondent.**

No. 2–89–068–CV.

Court of Appeals of Texas, Fort Worth.

June 14, 1989.

John A. Stewart, Dallas, for relator.

Whitten & Loveless, Curtis M. Loveless, Law Offices of David W. Biles, David W. Biles, Denton, for respondent and real party in interest.

Before WEAVER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

Relator, Ellen Jill Mackey, is the respondent in an underlying motion to modify in a suit affecting the parent-child relationship pending in the 158th District Court over which the Hon. Phillip O. Vick presides. We granted relator's motion for leave to file petition for mandamus and temporarily stayed further proceedings in the trial court because we were of the tentative opinion that relator was entitled to the relief sought and the facts stated in the petition showed that relator would be prejudiced unless such temporary relief were granted. TEX.R.APP.P. 121(c), (d).

Relator's petition alleged, in part, that the trial court signed an order authorizing a mental examination[1] of the subject children and ordered relator and her ex-husband, Larry Clifton Daily, to submit to a

psychological examination by Dr. Michael Flynn who is a psychologist but not a physician. Relator further alleged that subsequently, the Texas Supreme Court ruled in *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex.1988), "Rule 167a expressly requires that a mental examination be conducted by a physician.... A psychologist is not a physician.... A psychologist, therefore, may not conduct a compulsory mental examination authorized by Rule 167a." Thereafter, relator filed her "Motion to Quash and/or Strike Reports and Testimony of all Court Appointed Psychologists" based upon the holding in *Coates* and her contention that the orders violated the doctor-patient confidentiality. It is from the denial of that motion that relator sought relief.

From the real party in interest's response to relator's petition, we were apprised of additional significant facts showing that relator, herself, requested the court to order the parties to submit to the psychological evaluation, and that relator did, in fact, submit without objection to the evaluation conducted by Dr. Flynn.

It has been held that relief by way of mandamus is granted with respect to orders which are void and for which there is no adequate remedy by appeal, or in instances where there has been a gross abuse of discretion. *State v. Sewell*, 487 S.W.2d 716, 718 (Tex.1972); *Fulton v. Finch*, 162 Tex. 351, 358–60, 346 S.W.2d 823, 829–30 (1961). A relator who attacks the ruling of a trial court must establish that, under the circumstances of the case, the facts and the law permit the trial court to make but one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). An abuse of discretion is shown when the court's action is arbitrary, unreasonable or based upon a gross and prejudicial error of law, *id.* at 918, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

---

1. The order simply authorized the father to consent to a psychological evaluation of the children, and the term "mental examination" does not appear therein.

■ In her petition relator does not claim abuse of discretion, and we find none, but argues "[a]s a result of the decision in *Coates,* the order of Respondent to appointing [sic] a psychologist to do a mental examination of any party is invalid." As to this contention we note "[t]he writ of mandamus will not lie to correct a merely erroneous or voidable order of the trial court, but will lie to correct one which the trial judge had no power to render," and which was, therefore, void. *Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429, 431 (Tex. 1986); *State v. Ferguson,* 133 Tex. 60, 63, 125 S.W.2d 272, 274 (1939); *see generally Yett v. Cook,* 115 Tex. 175, 268 S.W. 715 (1925).

■ Relator urges two specific reasons why the orders regarding psychological evaluation are invalid, the first of which is that the holding in *Coates* forbids them, and the second is that they contravene the provisions of TEX.REV.CIV.STAT.ANN. art. 4495b (Vernon Supp.1989) (Medical Practice Act) regarding confidential and privileged communications between one licensed to practice medicine and his patient. The issue in *Coates* was whether a plaintiff who claims mental anguish damages in a personal injury action may be required to submit to a mental examination under the provisions of TEX.R.CIV.P. 167a. *Coates,*

758 S.W.2d at 750. The suit did not involve the parent-child relationship; the order required a mental examination rather than a psychological evaluation; and the examination was objected to, rather than requested by, the relator. *Id.* We hold that the rule in *Coates* is inapplicable to the case before us and the orders here under consideration are not rendered void by such rule.

■ With regard to relator's claim that the reports of psychological evaluation violate the confidential and privileged nature of physician-patient communications bestowed on such communications by article 4495b, we find no merit. The Act does not apply to "duly licensed or certified psychologists who confine their activities or practice strictly to psychology as defined by law." Article 4495b, section 3.06(b)(6).

Since relator has not shown any order of respondent to be void or to constitute an abuse of discretion, mandamus will not lie.

Writ denied.

Our stay order is vacated.