**STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY, Relator,**

v.

**Honorable Oliver KELLY, Respondent.**

**No. 03–95–00302–CV.**

Court of Appeals of Texas, Austin.

Jan. 31, 1996.

Paul Boudloche, Cantey & Hanger L.L.P., Fort Worth, for relator.

E. Wayne Bachus, Bachus, LePak, & Associates, Belton, for respondent.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

JONES, Justice.

Relator, State and County Mutual Fire Insurance Company, plaintiff in the underlying suit, sued its insured, Craig Knickerbocker, for a declaration of no coverage on an auto liability policy. After Knickerbocker failed to answer and a default judgment was taken, real party in interest Cherie Peck filed, on the last day of the trial court's plenary power, a motion to intervene and a motion for new trial. The court subsequently granted both motions. By this mandamus proceeding, State and County Mutual requests this Court to direct respondent, district judge Oliver Kelly, to withdraw his orders granting Peck's motion to intervene and motion for new trial. We granted leave to file State and County Mutual's petition for writ of mandamus. Because we conclude that the orders granting the motions are void, we will conditionally grant the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

State and County Mutual issued Knickerbocker a month-to-month auto liability policy ("the month-to-month policy") for coverage

from March 14, 1992 to April 14, 1992. The coverage was conditioned upon payment of a premium of $106.00 before the effective date of the policy. Knickerbocker paid only $86.00. Based on the reduced premium payment, the policy was short-rated to terminate on April 8, 1992. On March 23, State and County Mutual mailed Knickerbocker a renewal premium notice informing him that his policy would expire and coverage would terminate on April 8 unless he paid a premium of $106.00 on or before that date for an additional month's coverage. The renewal premium notice stated that no grace period existed. Knickerbocker failed to make the requested payment, and the policy expired on April 8, 1992.

On April 10, 1992, Knickerbocker was involved in an auto accident while driving a car owned by his girlfriend and insured by State Farm Insurance Company. Peck's husband, Steven, was killed in the accident. Peck subsequently brought a wrongful death suit against Knickerbocker, among others. State and County Mutual asserted that no coverage existed.

In November 1994, in response to Peck's demand for the insurance proceeds under the month-to-month policy, State and County Mutual filed a separate declaratory judgment action against Knickerbocker seeking a declaration that on April 10, 1992 no coverage existed under the month-to-month policy. State and County Mutual did not notify the parties in the Peck lawsuit of the filing of the declaratory judgment action. Service was obtained on Knickerbocker at the Gurney Unit, Texas Department of Corrections, in Anderson County. The attorney retained by State Farm to represent Knickerbocker in the Peck lawsuit notified Knickerbocker that his representation did not extend to State and County Mutual's declaratory judgment action and that Knickerbocker would have to retain other counsel for that suit. Knickerbocker never filed an answer, and a default

judgment was rendered against him on January 25, 1995.

On February 24, 1995, the last day of the trial court's plenary power over State and County Mutual's declaratory judgment suit, Peck moved to intervene.[1] She also filed on her behalf a motion for new trial asserting that she should have been joined because she is a necessary party by virtue of her claim to the insurance proceeds. *See* Tex.R.Civ.P. 39. Knickerbocker never filed a motion for new trial. On February 27, 1995, Judge Kelly, without holding a hearing, signed an order granting the intervention. Judge Kelly orally granted the motion for new trial at a hearing held on March 10, 1995, but did not sign a written order to that effect until May 1. State and County Mutual then brought this original proceeding to compel Judge Kelly to vacate his orders granting the motion to intervene and the motion for new trial.

## DISCUSSION

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Canadian Helicopters*, 876 S.W.2d at 305; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985); *State ex rel. State Highway & Pub. Transp. Comm'n v. Schless*, 815 S.W.2d 373, 375 (Tex.App.—Austin 1991, orig. proceeding). Thus, a writ of mandamus will issue to correct an order of the trial court that the court had no power to render and which was, therefore, void. *See Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993); *State v. Sewell*, 487 S.W.2d 716, 718 (Tex.1972); *Mackey v. Vick*, 771 S.W.2d 738,

1. Peck filed what she styled a "motion for leave to file third party petition." A third party petition is filed by a defending party in a pending suit seeking to join a person not then a party to the lawsuit. Tex.R.Civ.P. 38. An intervention, however, is an equitable motion filed by a nonparty voluntarily seeking to become a party in a suit to protect his own rights. *Highlands Ins. Co. v. Lumbermen's Mut. Cas. Co.*, 794 S.W.2d 600, 601 (Tex.App.—Austin 1990, no writ); *see* Tex. R.Civ.P. 60. Although Peck's motion is improperly named, we will treat it as a motion to intervene. Tex.R.Civ.P. 71.

739 (Tex.App.—Fort Worth 1989, orig. proceeding).

■ Relator has the burden of showing an abuse of discretion as well as the inadequacy of a remedy by appeal. *Canadian Helicopters,* 876 S.W.2d at 305. "A relator who attacks the ruling of a trial court must establish that, under the circumstances of the case, the facts and the law permit the trial court to make but one decision." *Johnson,* 700 S.W.2d at 917.

State and County Mutual asserts that both orders in the present case are void because they were granted after the trial court's plenary power had expired. It also argues that granting the motion for intervention was an abuse of discretion. The judgment was signed on January 25, 1995. Without a proper motion for new trial or to modify, correct, or reform the judgment, the trial court's plenary power expired on February 24, 1995, and any orders entered after that date would be void. *See* Tex.R.Civ.P. 329b. Peck filed her motion to intervene and her motion for new trial on February 24, 1995. The orders granting those motions were not signed until after that date. Thus, the issue squarely before this Court is whether Peck's motion for new trial extended the trial court's plenary power. *See* Tex.R.Civ.P. 329b(d).

■ As a general rule, one not a party to a suit may not move for a new trial. *Southern County Mut. Ins. Co. v. Powell,* 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding); *Gaines v. Baldwin,* 629 S.W.2d 81, 83 (Tex.App.—Dallas 1981, no writ). The purpose of the rule is to prevent third parties whose interests and rights are not affected by the judgment from attacking its validity. *McClung v. Camp,* 452 S.W.2d 727, 728 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.). Accordingly, in order for Peck's motion for new trial to have been effective, and thus to have extended the trial court's plenary power, her motion to intervene must have made her a party on the day it was filed.

■ A motion to intervene must generally be made before judgment is rendered. *Citizens State Bank v. Caney Inv.,* 746 S.W.2d 477, 478 (Tex.1988); *First Alief Bank v.*

*White,* 682 S.W.2d 251, 252 (Tex.1984); *Comal County Rural High Sch. Dist. v. Nelson,* 314 S.W.2d 956, 957 (Tex.1958); *Texans United Educ. Fund v. Texaco, Inc.,* 858 S.W.2d 38, 40–41 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *St. Paul Ins. Co. v. Rahn,* 586 S.W.2d 701, 703 (Tex.Civ.App.—Corpus Christi 1979, no writ). After judgment, a plea in intervention or motion to intervene cannot be considered until after the judgment is set aside. *First Alief Bank,* 682 S.W.2d at 252; *Comal County,* 314 S.W.2d at 957; *Central Mut. Ins. Co. v. Dunker,* 799 S.W.2d 334, 336 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Highlands Ins. Co. v. Lumbermen's Mut. Cas. Co.,* 794 S.W.2d 600, 603–04 (Tex.App.—Austin 1990, no writ). In the present case, the judgment was not set aside until much later.

■ During the time it retains plenary power, a trial court may grant a new trial even on its own motion. Tex.R.Civ.P. 320. Thus, an interested person asserting that it was a necessary party to the suit arguably may file a "motion for new trial" in order to make the court aware that in the interest of justice the original judgment should be set aside and a new trial granted to allow the proposed intervenor to protect his or her asserted rights. We conclude, however, that only a motion for new trial filed by a party of record automatically extends the trial court's plenary power. *See* Tex.R.Civ.P. 329b. A "motion for new trial" filed by a nonparty is simply an unofficial plea to the trial court to exercise its discretion allowed under Rule 320 to set aside the judgment during the court's plenary power. Thus, Peck's motion in the present case was ineffective to extend the trial court's plenary power. Because the order granting the motion for new trial and the order granting the motion for intervention were rendered and signed after the court's plenary power had expired, they are void.

## CONCLUSION

Because the orders granting Peck's motions for intervention and for new trial are void, we conditionally grant the writ of mandamus requiring respondent to vacate those

orders. The writ will issue only if the court does not act in accordance with this opinion.