## In re David BARRETT, M.D.

### No. 12–04–00256–CV.

Court of Appeals of Texas, Tyler.

Sept. 30, 2004.

David C. McCue, Gregory R. Brenner, McCue Wysocki, P.C., Addison, Deborah A. Wakefield, for relator.

James N. Parsons, III, Parsons & Thorn, P.C., Palestine, for respondent.

David G. Hart, Hart Law Firm, Colleyville, Scott R. Doody, James M. Stewart, Stewart & Stimmel, L.L.P., Joel J. Steed, Law Office of Joel J. Steed, P.C., Dallas, for real-party-in-interest.

Christopher D. Tinsley, for ad litem.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

Relator David Barrett, M.D. seeks a writ of mandamus compelling the trial court to vacate its order permitting intervention and severance. For the reasons set forth below, we deny the writ.

### BACKGROUND

On December 14, 2000, Eudreka S. Wilson, as next friend of Aareyah A. Smith, a minor, filed a medical negligence action ("the Wilson lawsuit") against David Barrett, M.D., Athens Women's & Children's Center (the "Women's Center"), East Texas Medical Center–Athens ("ETMC"), and Ann Walker, R.N. All claims against the defendants were settled prior to trial. Pursuant to the respective settlement agreements, the trial court entered judgment against ETMC and Ann Walker, R.N. on June 16, 2003 and against Dr. Barrett and the Women's Center on August 29, 2003 (the "August 29 judgment"). On the same day, August 29, Krystal Derrick and Maxwell Derrick, individually and as next friends of Cameron Derrick, a minor, filed a petition in intervention in the Wilson lawsuit pursuant to Texas Rule of Civil Procedure 60. The petition named as defendants Dr. Barrett, ETMC, Ann Walker, R.N., Gregory Mondini, M.D., Gregory Mondini, M.D., P.A., and Terri Wilson, R.N.

On October 17, 2003, Dr. Barrett and the Women's Center filed a motion to strike the petition in intervention. Approximately three months later, on Janu-

ary 12, 2004, the trial court held a hearing. At the conclusion of the hearing, the trial court ruled from the bench, denying the motion to strike, permitting the intervention, and severing the intervenors' action. The trial court confirmed its rulings in a written order signed on May 12 (the "May 12 order"). This original proceeding followed.

### PREREQUISITES TO MANDAMUS

 Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Mandamus relief is available only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000). Where the trial court's order is void, the relator need not show that it did not have an adequate appellate remedy, and mandamus is appropriate. *Id.*

 A trial court clearly abuses its discretion if it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). In other words, the relator must establish that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839. When the trial court's decision rests on the resolution of factual issues or matters committed to the court's discretion, the party opposing the trial court's decision must establish that the court could reasonably have reached only one decision. *Id.* at 839–40. Regarding resolution of factual issues, we may not substitute our judgment for that of the trial court, even if we would have decided the issue differently. *Id.* As to legal issues, the trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

### AVAILABILITY OF MANDAMUS

In his mandamus petition, Barrett first asserts that the trial court's plenary power expired on September 28, 2003 and therefore its May 12 order is void for lack of subject matter jurisdiction. In the alternative, Barrett contends the trial court had no discretion to permit the intervention because the intervenors admitted they had no justiciable interest in the Wilson lawsuit.[1]

### *Trial Court's Plenary Power*

 A trial court retains plenary power for thirty days after signing a final judgment absent the filing of a motion for new trial or other post-trial motion challenging the judgment. TEX.R. CIV. P. 329b(d), (e), (g). A final judgment is one that finally disposes of all remaining parties and claims, based on the record in the case. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001).

 Orders issued after the expiration of a trial court's plenary power are void for lack of subject matter jurisdiction. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex.1995). Barrett asserts that the August 29, 2003 judgment disposed of all remaining parties and claims in the Wilson lawsuit. He also points out that no party filed any post-trial motion that extended the trial court's plenary power.

---

**1.** ETMC, Ann Walker, R.N., and Terri Wilson, R.N., three defendants in the intervenors' action, filed a response to Barrett's petition in which they adopted his arguments and fur-

ther requested that we direct the trial court to dismiss the severed cause for want of jurisdiction.

Therefore, Barrett contends, the trial court's plenary power expired September 29, 2003. Consequently, he concludes that the trial court had no jurisdiction to sign the May 12 order.

 "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX.R. CIV. P. 60. A petition in intervention must generally be made before judgment is rendered. *Citizens State Bank v. Caney Inv.,* 746 S.W.2d 477, 478 (Tex.1988); *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex. 1984). If filed after judgment, a petition in intervention may not be considered unless and until the judgment has been set aside. *White,* 682 S.W.2d at 252.

 Where the petition is filed before judgment, the intervenor becomes a party for all purposes unless the trial court strikes the intervention. *See Brook v. Brook,* 865 S.W.2d 166, 172 (Tex.App.-Corpus Christi 1993), *aff'd,* 881 S.W.2d 297 (Tex.1994). Consequently, a petition in intervention filed before judgment injects a party into a lawsuit who must be disposed of before a judgment can become final. *Litoff v. Jackson,* 742 S.W.2d 788, 789 (Tex.App.-San Antonio 1987, no writ). Where the petition is filed after judgment, however, the intervenor does not become a party on the date of filing. *See State and County Mut. Fire Ins. Co. v. Kelly,* 915 S.W.2d 224, 227 (Tex.App.-Austin 1996, no writ). Moreover, filing a petition in intervention after judgment does not extend the trial court's plenary power. *See id.; see also* TEX.R. CIV. P. 329b(e), (g) (motion for new trial or motion to modify, correct, or reform judgment extends trial court's plenary power). In that instance, an order setting aside the judgment or granting the petition in intervention that is not signed within thirty days after the date of judgment is void. *Kelly,* 915 S.W.2d at 227.

The record filed in this proceeding reveals that the petition in intervention was filed at 10:15 a.m. on August 29, 2003. However, the record does not indicate whether the August 29 judgment had been signed at that time. Without this information, we cannot say that the August 29 judgment disposed of all the remaining parties in the Wilson lawsuit or that the trial court's plenary power expired on September 28, 2003 as Barrett contends. Therefore, Barrett has not shown that the May 12 order is void.

***Trial Court's Discretion to Permit Intervention***

 The trial court has broad discretion in ruling on a motion to strike intervention. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex.1990). However, even if we assume the trial court's ruling constitutes an abuse of discretion, we cannot agree with Barrett's assertion that he has no adequate remedy by appeal.

 Ordinarily, an order denying a motion to strike a plea in intervention is not a final order. *E.g., Jani–King of Memphis, Inc. v. Yates,* 965 S.W.2d 665, 666–67 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Southwestern Bell Tel. Co. v. Public Util. Comm'n,* 615 S.W.2d 947, 952 (Tex.App.-San Antonio), *writ ref'd n.r.e. per curiam,* 622 S.W.2d 82 (Tex. 1981). This is because the order does not dispose of either the parties or the issues presented in the lawsuit. *Yates,* 965 S.W.2d at 667. As such, an order denying a motion to strike is not immediately appealable because appellate jurisdiction generally exists only in cases in which a final judgment has been signed. *Id.* at 666 (citing *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 268 (Tex.1992)). Interlocutory appeals are permissible only as provided by statute, and no interlocutory appeal is

available for such an order. *See Yates*, 965 S.W.2d at 666–67 (citations omitted). However, a severance produces a different result. *See* Tex.R. Civ. P. 41 ("Any claim against a party may be severed and proceeded with separately.").

 A severance splits a single lawsuit into two or more independent lawsuits with each action resulting in a final appealable judgment. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex.1985). As such, a severed action becomes a different action. *In re E.I. duPont de Nemours & Co.*, 92 S.W.3d 517, 523 (Tex.2002). Thus, when the trial court severed "the claims and causes of action of Krystal Derrick and Maxwell Derrick, individually and as next friends of Cameron Derrick, a minor, ... from [the Wilson lawsuit]," those claims became a separate action, distinct from the Wilson lawsuit. *See id.; Van Dyke*, 697 S.W.2d at 383. The August 29 judgment then became a final appealable judgment. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995). The trial court's previous interlocutory orders, including the order denying Barrett's motion to strike, were then merged into and made final by the judgment. *See In re Romero*, 956 S.W.2d 659, 660 (Tex.App.-San Antonio 1997, orig. proceeding).

Barrett was a party to the August 29 judgment. Therefore, his avenue for challenging the trial court's order denying his motion to strike is a direct appeal. *See In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 650 (Tex.App.-El Paso 1999, orig. proceeding). A mandamus proceeding is not to be used as a substitute for an ordinary appeal. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59–60 (Tex. 1991) (orig.proceeding).

## Conclusion

Barrett has not shown that the May 12 order is void. Therefore, he is not entitled to mandamus relief absent a showing that the trial court abused its discretion and that he has no adequate remedy by appeal. We have assumed, for purposes of analysis, that the trial court's May 12 order constitutes an abuse of discretion. However, Barrett has not shown that appeal is an inadequate remedy. Accordingly, we deny his petition for writ of mandamus. We also deny his petition for emergency relief as moot.