TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00315-CV






In re Carpenter Technology Corporation






ORIGINAL PROCEEDING FROM TRAVIS COUNTY




M E M O R A N D U M O P I N I O N



 Carpenter Technology Corporation has filed a petition for writ of mandamus
seeking relief from a new trial ordered in a garnishment proceeding. The debtor, Celerity, Inc.,
did not appear in the garnishment proceeding until after judgment. Carpenter contends that the
debtor, Celerity, Inc., is not automatically a party to the garnishment proceeding and its appearance
and motion for new trial, filed after the judgment in the garnishment proceeding, did not extend the
trial court's period of plenary power sufficiently to encompass the date that the trial court granted
the new trial. The petition for writ of mandamus is denied.

 Carpenter filed this garnishment action seeking to satisfy its judgment against Celerity
with Celerity's funds in an account at Wells Fargo Bank, N.A. Although Celerity was entitled by
rule to receive service of a copy of the writ of garnishment, see Tex. R. Civ. P. 663a, it did
not appear in the garnishment suit until after the judgment finding Carpenter entitled to garnishment
was signed on March 1, 2010. Obsidian, LLC, filed a plea in intervention on March 9, claiming
the right to Celerity's funds in the Wells Fargo account. On March 31, Obsidian and Celerity filed
a motion for new trial. On May 11, the trial court granted the motion for new trial. Carpenter
contends that, because neither Celerity nor Obsidian was a party in the case before the judgment,
their intervention did not make them parties. See State & County Mut. Fire Ins. Co. v. Kelly,
915 S.W.2d 224, 227 (Tex. App.--Austin 1996, orig. proceeding). Carpenter argues that Celerity
and Obsidian's motion for new trial was, therefore, a nullity, and the trial court's plenary power
expired on March 31, 2010. See Tex. R. Civ. P. 329b. Consequently, Carpenter argues, the order
granting the new trial--granted almost six weeks later--was void.

 We conclude, however, that Celerity was a party to the garnishment proceeding
from its inception. Celerity was not only entitled to notice, it could seek to replevy garnished items,
see Tex. R. Civ. P. 664, or dissolve the garnishment writ by filing a sworn written motion,
see Tex. R. Civ. P. 664a. A judgment debtor is described as the "defendant" in procedural rules
relating to garnishment. See Tex. R. Civ. P. 658-61, 663a-64a, 666-68, 675 (requiring clerk
to docket the case in the name of the garnishee as defendant). The supreme court has stated that
"garnishment necessarily involves three parties: a creditor, a debtor, and a third person who has
some obligation to the debtor." Orange County v. Ware, 819 S.W.2d 472, 474 (Tex. 1991). Indeed,
Celerity is named as "Defendant" in the application for writ of garnishment, the notice of service,
and the judgment. Because Celerity was a named party to the garnishment proceeding, its timely
filed motion for new trial extended the trial court's plenary power until as late as June 14, 2010. 
See Tex. R. Civ. P. 329b. The order granting the motion for new trial, signed May 11, 2010, was
not void.



 The petition for writ of mandamus is denied.



 

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed: August 13, 2010