# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00315-CV

### In re Carpenter Technology Corporation

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Carpenter Technology Corporation has filed a petition for writ of mandamus seeking relief from a new trial ordered in a garnishment proceeding. The debtor, Celerity, Inc., did not appear in the garnishment proceeding until after judgment. Carpenter contends that the debtor, Celerity, Inc., is not automatically a party to the garnishment proceeding and its appearance and motion for new trial, filed after the judgment in the garnishment proceeding, did not extend the trial court's period of plenary power sufficiently to encompass the date that the trial court granted the new trial. The petition for writ of mandamus is denied.

Carpenter filed this garnishment action seeking to satisfy its judgment against Celerity with Celerity's funds in an account at Wells Fargo Bank, N.A. Although Celerity was entitled by rule to receive service of a copy of the writ of garnishment, *see* Tex. R. Civ. P. 663a, it did not appear in the garnishment suit until after the judgment finding Carpenter entitled to garnishment was signed on March 1, 2010. Obsidian, LLC, filed a plea in intervention on March 9, claiming

the right to Celerity's funds in the Wells Fargo account. On March 31, Obsidian and Celerity filed a motion for new trial. On May 11, the trial court granted the motion for new trial. Carpenter contends that, because neither Celerity nor Obsidian was a party in the case before the judgment, their intervention did not make them parties. *See State & County Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, orig. proceeding). Carpenter argues that Celerity and Obsidian's motion for new trial was, therefore, a nullity, and the trial court's plenary power expired on March 31, 2010. *See* Tex. R. Civ. P. 329b. Consequently, Carpenter argues, the order granting the new trial—granted almost six weeks later—was void.

We conclude, however, that Celerity was a party to the garnishment proceeding from its inception. Celerity was not only entitled to notice, it could seek to replevy garnished items, *see* Tex. R. Civ. P. 664, or dissolve the garnishment writ by filing a sworn written motion, *see* Tex. R. Civ. P. 664a. A judgment debtor is described as the "defendant" in procedural rules relating to garnishment. *See* Tex. R. Civ. P. 658-61, 663a-64a, 666-68, 675 (requiring clerk to docket the case in the name of the garnishee as defendant). The supreme court has stated that "garnishment necessarily involves three parties: a creditor, a debtor, and a third person who has some obligation to the debtor." *Orange County v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991). Indeed, Celerity is named as "Defendant" in the application for writ of garnishment, the notice of service, and the judgment. Because Celerity was a named party to the garnishment proceeding, its timely filed motion for new trial extended the trial court's plenary power until as late as June 14, 2010. *See* Tex. R. Civ. P. 329b. The order granting the motion for new trial, signed May 11, 2010, was not void.

The petition for writ of mandamus is denied.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed:   August 13, 2010

3