



## MEMORANDUM OPINION

No. 04-12-00160-CV

**IN RE** Kelly Kathleen **ROBERTS,** Relator

Original Mandamus Proceedings[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 11, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

        The present mandamus stems from a motion for new trial and petition for intervention filed twenty-eight days after the court entered final judgment in a Suit Affecting the Parent Child Relationship (SAPCR).   Relator Kelly Kathleen Roberts argues that because Real Party in Interest on the motion for new trial, Monica L. Shannon, was not a party to the suit, her filing of a motion for new trial did not extend the plenary jurisdiction of the trial court.   The trial court, therefore, lacked authority to grant the motion for new trial.  We agree.

---

[1] This proceeding arises out of Cause No. 2008-CI-00031, styled *In the Interest of W.P.R. and A.D.R., Children*, pending in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Renée F. McElhaney presiding. However, the October 13, 2011 SAPCR Order that was challenged by Monica Shannon's motion for new trial was signed by the Honorable Cathy Stryker, presiding judge of the 224th Judicial District Court, Bexar County, Texas. The order on the motion for new trial, about which Kelly Roberts argues, was signed by the Honorable Renée F. McElhaney on January 6, 2012.

BACKGROUND

Relator Kelly Kathleen Roberts and Jeffrey Janaka Roberts were married in October of 2002 and had two children. During their July 2009 divorce, the Roberts were appointed joint managing conservators of the minor children, with Jeffrey having the exclusive right to designate the primary residence of the children. On September 14, 2011, Jeffrey passed away. Approximately one month later, on October 13, 2011, Kelly filed a Petition to Modify the Parent-Child Relationship and Suggestion of Death. That same day, the trial court signed an order in the Suit to Modify Parent-Child Relationship establishing Kelly as sole managing conservator of the children. Kelly contends that because Jeffrey died intestate, and no estate had been created, she was the only necessary party and no service was attempted on any other individual or entity. The trial court entered an order in the SAPCR formally establishing Kelly as the sole managing conservator of the two children, determining there were no child support arrearages owed, and Jeffrey's estate was to pay Kelly monthly child support.

On November 10, 2011, Monica L. Shannon, Jeffrey's girlfriend and mother of his third child, filed a Petition in Intervention in the SAPCR and Motion for New Trial to set aside the October 13th Order. In response, on December 1, 2011, Kelly filed a Motion to Strike Monica's Plea in Intervention. Approximately two weeks later, on December 14, 2011, the trial court heard arguments on Monica's Petition in Intervention and Motion for New Trial. The trial court subsequently granted Monica's motion for new trial in open court on December 21, 2011, and the order was formally signed on January 6, 2012, eighty-five days after the trial court signed the October 13th Order.

The January 6th Order specifically found the following: (1) Monica was not a necessary party to the October 13th SAPCR; (2) the motion for new trial was not granted for lack of notice

to Monica; (3) the October 13th Order exceeds the relief requested by the Petition to Modify Parent-Child Relationship and Suggestion of Death; (4) the October 13th Order implicates and affects, and/or appears to affect, the inheritance and property rights of the children and no Ad Litem was appointed on behalf of the children; and (5) it is in the best interest of the children that the motion for new trial be granted.

Kelly argues that the October 13th Order disposed of all remaining parties and claims in the SAPCR. Additionally, Kelly contends that no party filed a post-trial motion extending the trial court's plenary power. Accordingly, she contends the trial court's plenary power expired November 12, 2011, and the trial court had no jurisdiction to grant the motion for new trial on December 21, 2011 or sign the order on January 6, 2012. Kelly further contends the trial court also was without jurisdiction to sign a subsequent order on February 8, 2012 relating to the scope of the new trial and the claims that remained pending.

## JURISDICTION

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 839-40. Mandamus relief is appropriate when a trial court issues an order beyond its jurisdiction. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig.

proceeding) (holding mandamus relief is appropriate when a trial court issues an order after its plenary power has expired).

## PETITION IN INTERVENTION

An intervention is an equitable motion filed by a non-party voluntarily seeking to become a party in a pending suit to protect the nonparty's own rights. *State & County Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 226 n. 1 (Tex. App.—Austin 1996, no writ); *see* TEX. R. CIV. P. 60. A plea in intervention must, however, be filed before entry of judgment. *Citizens State Bank v. Caney Inv.*, 746 S.W.2d 477, 478 (Tex. 1988); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984). Absent a timely filing, the intervention may not be considered unless and until the judgment has been set aside. *First Alief Bank*, 682 S.W.2d at 252; *In re H.G.*, 267 S.W.3d 120, 122, n.1 (Tex. App.—San Antonio 2008, orig. proceeding). A final judgment is one that finally disposes of all remaining parties and claims, based on the record in the case. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

When a petition in intervention is filed after judgment, as it was in this case, the intervenor does not become a party on the date of filing. *See In re Barrett*, 149 S.W.3d 275, 278-79 (Tex. App.—Tyler 2004, orig. proceeding); *State & County Mut.*, 915 S.W.2d at 227. Accordingly, because Monica's plea in intervention was filed after the October 13th Order, the trial court properly determined that Monica was not a party to the lawsuit.

Monica also argues that the October 13th Order affects Jeffrey's estate; yet, the record does not show the estate moved to intervene in the lawsuit or is a party to this lawsuit. More importantly, the estate has not challenged the October 13th Order. Monica offers no justification or authority that she has standing to assert any claims on behalf of Jeffrey's estate. *See Lovato v. Austin Nursing Ctr., Inc.*, 113 S.W.3d 45, 51 (Tex. App.—Austin 2003), *aff'd*, 171 S.W.3d 845

(Tex. 2005) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998)). Although Monica vigorously argues the October 13th Order was void, because she was neither a party to the suit, nor representative of the estate, she could not contest the trial court's order.

## TRIAL COURT'S PLENARY POWER

Generally, a trial court retains full control over its judgment during its plenary power. *See* TEX. R. CIV. P. 329b(g); *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 95 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The term "plenary" is defined as "full," "complete," or "entire." *WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.— Dallas 2006, pet. denied). As such, the trial court's power to modify its judgment during this time period is "practically unlimited" or "virtually absolute." *Esty v. Beal Baak S.S.B.*, 298 S.W.3d 280, 294-95 (Tex. App.—Dallas 2009, no pet.). More specifically, an order granting a new trial within the trial court's period of plenary power is generally not subject to review either by direct appeal from that order, or from a final judgment rendered after further proceedings in the trial court. *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984); *Vandehaar v. ALC Fin. Corp.*, 25 S.W.3d 406, 410 (Tex. App.—Beaumont 2000, pet. denied).

In *WMC Mortg. Corp.*, the Dallas Court of Appeals defined plenary power as "the court's power to dispose of any matter properly before it." *WMC Mortg. Corp.*, 200 S.W.3d at 751; *see also Esty*, 298 S.W.3d at 294-95. If a proper motion is filed by a party to the suit within thirty days from judgment, the court's plenary power is extended up to an additional seventy-five days. *Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000). A trial court's plenary power may be extended upon the timely filing of a motion for new trial or motion to correct, modify, or reform the judgment. *See* TEX. R. APP. P. 329b; *see also Lane Bank*, 10 S.W.3d at 310; *Davis v. Boone*, 786 S.W.2d 85, 87 (Tex. App.—San Antonio 1990, no writ)

("After a court's plenary jurisdiction has expired, it cannot set aside a judgment unless it lacked *subject matter* jurisdiction to render the judgment in the first place.").

A non-party, however, may not move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes. *State & County Mut.*, 915 S.W.2d at 227. If no party to a judgment files a motion extending the trial court's plenary power, the trial court loses subject matter jurisdiction thirty days after the judgment is signed and has no power to set aside a judgment except by bill of review for sufficient cause. TEX. R. CIV. P. 329b(f).

Having signed the final order on October 13, 2011, the trial court retained jurisdiction over the case until November 12, 2011, the thirtieth day from the judgment. TEX. R. CIV. P. 329b(d). *Kelly* could have extended this period up to an additional seventy-five days by timely filing a motion for new trial or to correct, modify, or reform the judgment, but she did not.

Because Monica's petition in intervention was filed after the entry of the order, she was not a party to the suit and her motion for new trial did not extend the court's plenary jurisdiction. Any action taken by a trial court after it loses plenary power is void. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (order granting new trial after expiration of plenary power is void for want of jurisdiction); *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.— Dallas 2006, no pet.) ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void."). Therefore, on January 6, 2012, the trial court lacked jurisdiction to modify the October 13th Order, and both the January 6th Order and the order subsequently signed on February 8, 2012 are void.

## CONCLUSION

We conclude Monica's motion for new trial did not extend the court's plenary jurisdiction beyond November 12, 2011 and the trial court lacked jurisdiction to modify the October 13, 2011 judgment. Accordingly, the court's order granting a new trial, entered January 6, 2012, is void. We, therefore, conditionally grant the petition for writ of mandamus. The trial court is ordered to vacate: (1) the January 6, 2012 order granting Real Party in Interest's Motion for New Trial and Setting Aside Prior Order; and (2) the February 8, 2012 Order Granting Nonsuit of Claims. The writ will issue only if the trial court fails to comply within fourteen days.

Marialyn Barnard, Justice