# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00580-CV

**Francisco Ivarra, Rebecca Lugo, Juan Villareal, Neal Zabicki, Anahli Vasquez, Willie Galvan, Helen Galvan, and Lee Rivas, Appellants**

**v.**

**American GI Forum of the United States, Inc.; Gilberto Rodriguez; Antonio G. Morales and Paul Herrera, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-12-001700, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On June 6, 2012, appellees Gilberto Rodriguez, Antonio G. Morales, and Paul Herrera sued appellee American GI Forum of the United States, Inc., ("GI Forum") asserting various claims and seeking reinstatement of their membership in GI Forum and a related Texas-based organization. The following day, June 7, 2012, GI Forum filed a general denial, and the trial court signed an agreed final judgment that same day. On June 29, 2012, the appellants—a minority group of board members from GI Forum's National Board of Directors[1]—filed a motion for new trial, claiming that GI Forum's National Commander, Alberto Gonzales, lacked the authority to

---

[1] Francisco Ivarra, Rebecca Lugo, Juan Villareal, Neal Zabicki, Anahli Vasquez, Willie Galvan, Helen Galvan, and Lee Rivas.

1

retain counsel and settle the suit on GI Forum's behalf. Subsequently, on August 8, 2012, appellants filed a petition in intervention. Following a hearing, the trial court denied both the motion for new trial and the petition in intervention on August 28, 2012. Appellants filed a notice of appeal on August 31, 2012. Because the notice of appeal was not timely filed by a party of record, we dismiss the appeal for want of jurisdiction.

Any party wishing to appeal a trial court's judgment must file a notice of appeal. Tex. R. App. P. 25.1(c). The notice of appeal is due within 30 days after the judgment is signed unless the trial court's plenary jurisdiction has been extended as provided in the rules of civil and appellate procedure. Tex. R. App. P. 26.1; *see also* Tex. R. Civ. P. 329b. If a party's notice of appeal is not timely filed, an appellate court cannot exercise jurisdiction over the party's attempted appeal, and the court must dismiss the appeal. *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) (citing *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001)); *Kilroy v. Kilroy*, 137 S.W.3d 780, 782 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The issue presented in this case is whether the motion for new trial that the appellants filed on June 29, 2012, extended the trial court's plenary jurisdiction and the time for filing the notice of appeal in this case. We conclude that it did not.

A nonparty may not move for a new trial or file a post-judgment motion to extend the court's plenary jurisdiction unless the nonparty successfully intervenes. *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.); *State & County Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no writ). A nonparty successfully intervenes if he files a plea in intervention *before* final judgment is rendered and the court does not strike the plea

2

on motion of a party. *Malone*, 182 S.W.3d at 468; *In re Barrett*, 149 S.W.3d 275, 279 (Tex. App.—Tyler 2004, orig. proceeding). If a petition in intervention is not filed until after the trial court has rendered judgment—as is the situation here—the trial court may not consider the plea in intervention unless and until the judgment is set aside. *Malone*, 182 S.W.3d at 468; *see also First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) (holding trial judge could only vacate, set aside, modify, or amend judgment for thirty days after it was signed and observing that "a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside"); *Comal Cnty. Rural H.S. Dist. No. 705 v. Nelson*, 314 S.W.2d 956, 957 (Tex. 1958) (plea in intervention after dismissal order became final could not be considered because dismissal order not set aside while trial court had plenary jurisdiction). If no party of record files a motion for new trial, the trial court lacks jurisdiction to grant the plea in intervention unless the judgment is first set aside within thirty days of rendition. *Malone*, 182 S.W.3d at 468; *Kelly*, 915 S.W.2d at 227. "[O]nly a motion for new trial filed by a party of record automatically extends the trial court's plenary power." *Kelly*, 915 S.W.2d at 227 (citing Tex. R. Civ. P. 329b). "A 'motion for new trial' filed by a nonparty is simply an unofficial plea to the trial court to exercise its discretion allowed under [Tex. R. Civ. P. 320] to set aside the judgment during the court's plenary power." *Id.* A motion for new trial filed by a nonparty—even if a "necessary party" to the suit—is ineffective to extend the trial court's plenary power. *See id.*

Appellants were not parties to the lawsuit in the court below. Appellants cite no authority—and we have found none—supporting their theory that a non-profit corporation's board members are considered to be parties to a lawsuit against the corporation even when not individually

3

named and served in the lawsuit. Accordingly, because no party to the suit timely filed a motion for new trial, the trial court's plenary jurisdiction expired thirty days after judgment was rendered; the trial court had no jurisdiction to grant a new trial or a plea in intervention after that date; and the notice of appeal was due thirty days after judgment was rendered. Even if appellants, as nonparties, could prosecute an appeal in the first instance, their notice of appeal was untimely. We therefore dismiss the appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed: May 10, 2013

4