**Dismissed and Plurality, Concurring, and Dissenting Opinions filed April 22, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00158-CV

---

### YUVAL LAPINER, Appellant

### V.

### JACKOB MAIMON, MAX PRIDGEON, MICHELLE R. CINNAMON-FLORES, HAIM TSUFF, GOODRICH GLOBAL LTD., ISRAMCO, INC., JEFFREY GOLDSTEIN, AND THEODORE STEINBERG, Appellees

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2009-34535**

---

## PLURALITY OPINION

Appellees Jeffrey Goldstein and Theodore Steinberg (collectively "plaintiffs") each initiated a shareholder derivative suit on behalf of nominal defendant Isramco, Inc. against appellees Jackob Maimon, Max Pridgeon, Michelle R. Cinnamon-Flores, and Haim Tsuff (collectively "individual defendants"), as well as Goodrich Global Ltd. Following consolidation of the two cases and two

years of informal discovery, the plaintiffs and defendants negotiated a settlement that the trial court preliminarily approved. Appellant Yuval Lapiner received a notice of the proposed settlement and filed an objection as well as a petition in intervention. Following a hearing, the trial court struck Lapiner's petition in intervention and denied his objection. The court also signed a final judgment approving the settlement, and it later denied Lapiner's motion for attorney's fees and expenses.

Lapiner appeals, contending the trial court abused its discretion when it approved the settlement and denied his motion for fees and expenses. Appellees moved to dismiss, arguing that Lapiner lacks the requisite standing to appeal. We grant the motion, and dismiss.

## BACKGROUND

### A. Plaintiffs file their shareholder derivative suits, alleging breaches of fiduciary duty.

Plaintiffs filed their separate shareholder derivative lawsuits on behalf of Isramco in June 2009. Both suits alleged that the individual defendants had violated their fiduciary duties as members of Isramco's board of directors when they voted to approve a consulting agreement with Goodrich. Plaintiffs alleged the consulting agreement benefited Tsuff, Isramco's chief executive officer, chairman of the board, and controlling shareholder. The two lawsuits were eventually consolidated in the 55th District Court of Harris County.

In April 2010, Yuval Ran filed a shareholder derivative lawsuit on behalf of Isramco. While Ran's lawsuit alleged claims similar to those initially raised by plaintiffs, he also alleged additional claims and named additional defendants. Ran's lawsuit was eventually transferred to the 55th District Court and consolidated with plaintiffs' lawsuits.

2

**B.    Lapiner files a Delaware derivative suit that is dismissed in favor of the Texas action.**

In July 2010, Lapiner filed a shareholder derivative action in Delaware, making many of the same claims involved in plaintiffs' ongoing Texas derivative lawsuit. In October 2010, the Delaware court dismissed Lapiner's action in deference to the previously filed Texas action.

Approximately one month later, Lapiner served a demand for investigation of his claims on Isramco's board of directors. In response to the demand, Isramco formed a Special Committee of the Board comprised of its independent directors. The Special Committee then investigated Lapiner's complaints. At the conclusion of the investigation, the Special Committee notified Lapiner that it had determined: (a) Lapiner's claims were identical to the claims pending in the Texas litigation; (b) the parties to the Texas litigation had reached a tentative settlement of the claims asserted in that litigation; (c) Lapiner's claims had been thoroughly investigated both by Isramco and lead counsel for plaintiffs in the Texas litigation, and therefore no further investigation was necessary; and (d) any further investigation into Lapiner's claims would not be in the best interest of Isramco or its shareholders. Lapiner continued his efforts to negotiate a settlement with Isramco, but Isramco refused and referred him to the Texas plaintiffs' lead counsel.

**C.    The parties settle the Texas derivative suit.**

Ultimately, in April 2011, the parties to the Texas suit memorialized their settlement agreement in a Memorandum of Understanding. The parties then executed a Stipulation of Settlement setting forth the settlement terms in August 2011.

Soon after the parties executed the Stipulation of Settlement, plaintiffs filed a motion seeking the trial court's preliminary approval of the proposed derivative suit settlement. The trial court preliminarily approved the proposed settlement subject to further consideration at a final settlement hearing. In its order, the trial court set a deadline and established procedures for objecting to the Stipulation of Settlement. Finally, the trial court ordered Isramco to file a notice of the proposed settlement with the Securities and Exchange Commission and to publish the notice in *Investor's Business Daily*.

**D.      Lapiner objects to the settlement, attempts to intervene, and participates in the final hearing.**

On the last day permitted for filing objections to the proposed settlement, Lapiner filed a petition in intervention and an objection to the proposed settlement of the derivative lawsuit. Lapiner primarily objected that the settlement was not fair, reasonable, or adequate because there was evidence to support allegations that Isramco had suffered "hundreds of millions of dollars" worth of damages as a result of the sale of its participation units in Isramco Negev. Lapiner contended that the settlement recovered none of these alleged damages for Isramco, but instead cost Isramco $1 million in attorney's fees and costs.

Subsequently, Lapiner filed a supplemental objection to the settlement and attached a "Summary Report of Legal Compliance Deficiencies in Isramco, Inc. (ISRL) and Affiliates" prepared by Dennis Holifield, a former general counsel of Isramco. Holifield's allegations differed from those tentatively settled in plaintiffs' derivative lawsuit. Nonetheless, lead counsel for plaintiffs, whom Holifield had also contacted with his allegations, moved to continue the final hearing on the proposed settlement to allow her to depose Holifield and, if necessary, conduct any other discovery necessary to explore Holifield's allegations. The trial court

4

granted the motion and ordered the deposition of Holifield. Holifield's deposition took place *in camera* under the direct supervision of the trial judge. Following Holifield's deposition, lead counsel for plaintiffs reset the hearing on the final approval of the settlement.

Plaintiffs, Isramco, and defendants collectively moved to strike Lapiner's petition in intervention on numerous grounds, including that Lapiner had no justiciable interest in the pending derivative lawsuit because he did not own Isramco stock at the time of the acts complained of in the amended consolidated petition. Lapiner responded to the motion to strike and, as part of his response, submitted confidential materials for *in camera* review by the trial court. Plaintiffs and defendants filed responses to Lapiner's objection and also submitted confidential materials for *in camera* review.

Following Holifield's deposition, plaintiffs, Isramco, and defendants entered into an Addendum to Stipulation of Settlement. This addendum supplemented the definition of "Released Claims" found in the Stipulation of Settlement by excluding "any claim based on allegations contained in the document titled 'Summary Report of Legal/Compliance Deficiencies in Isramco, Inc. (ISRL) and Affiliates,' authored and submitted by Dennis Holifield to the U.S. Securities and Exchange Commission on or about September 22, 2011 and not otherwise expressly adjudicated in this case."

In December 2011, the trial court conducted an oral hearing on the pending derivative suit settlement. The trial court first considered the motions to strike Lapiner's intervention and granted that motion. The trial court then turned its attention to the proposed settlement, which it approved as fair, reasonable, and adequate. The trial court signed a "Final Order and Judgment" approving the settlement on December 12, 2011.

**E.    Lapiner requests attorney's fees, files a motion for new trial, and then appeals.**

Ten days after the trial court signed the final judgment approving the settlement, Lapiner filed a motion seeking attorney's fees and expenses. According to Lapiner, the filing of his objection to the settlement had "conferred a substantial benefit to Isramco." The trial court signed an order denying Lapiner's request for attorney's fees and expenses on January 11, 2012. Lapiner filed a motion for new trial the same day his fee request was denied, and that motion was overruled by operation of law. Lapiner then filed his notice of appeal on February 12, 2012.

## MOTIONS TO DISMISS

Before we address the issues Lapiner raises in his appeal, we must consider the motions to dismiss filed by both sets of appellees that challenge our jurisdiction. First, all appellees argue we must dismiss Lapiner's appeal because he did not timely file his notice of appeal. Specifically, they argue Lapiner could not extend the time for filing his notice of appeal by filing a motion for new trial because he was a nonparty; as such, his notice of appeal filed more than thirty days following the final judgment was untimely. Second, the defendants seek dismissal of Lapiner's appeal on the further basis that because Lapiner did not own Isramco stock at the time of the events at issue in the derivative lawsuit, he did not have standing to initiate a shareholder derivative action and, therefore, does not have standing to appeal the trial court's approval of the derivative suit settlement.

We begin the analysis with the timeliness of Lapiner's appeal. It is undisputed that the trial court entered judgment in this cause on December 12, 2011. It is further undisputed that Lapiner filed his notice of appeal of this action on February 12, 2012, more than thirty days after the trial court entered judgment.

6

Under the general rule, Lapiner's notice of appeal was due thirty days after the judgment. *See* Tex. R. App. P. 26.1 ("The notice of appeal must be filed within 30 days after the judgment is signed, except as follows . . . ).

Rule 26.1 extends the time to appeal to ninety days if "any party" timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for finding of fact or conclusions of law. *See* Tex. R. App. P. 26.1. Appellees do not dispute that Lapiner filed a motion for new trial on January 11, 2012. Rather, they urge that Lapiner's January 11 motion for new trial was ineffective to extend the appellate timetable because he was not a party below.

It is a general rule in Texas that only named parties may appeal the trial court's judgment. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003); *see* Tex. R. App. P. 25.1 ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."). Lapiner is a nonparty. Lapiner filed a petition in intervention in the action. Defendants moved to strike the intervention. The trial court granted defendants' motion and struck Lapiner's intervention. Lapiner does not appeal the trial court's order striking his intervention. Therefore, Lapiner is not an intervenor and not a named party in this Texas derivative action. *See, e.g.*, *Johnson v. Crook*, 93 S.W.3d 263, 268 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("[A]n intervenor is a party for purposes of appeal only if (1) she timely files a pleading, and (2) the trial court does not strike the pleading before the entry of a final judgment."). And where, as here, a nonparty has the right to appeal a decision of the trial court granting a motion to strike, such nonparty nonetheless cannot extend the appellate timetable by assailing the final judgment with a motion for new trial. *Cf., e.g.*, *Cent. Mut. Ins. Co. v. Dunker*, 799 S.W.2d 334, 336 Tex. App.—Houston [14th Dist.] 1999, writ denied) (holding

7

that, because appellant did not become a party by intervention before judgment was rendered, appellant may not extend the time to appeal by filing a motion for new trial); *State v. Cnty. Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no pet.) (holding that a nonparty's motion for new trial and petition for intervention filed after the trial court signed a final judgment did not extend the court's plenary jurisdiction).

However, Texas recognizes that one may be a "deemed party" under the doctrine of virtual representation. *City of San Benito*, 109 S.W.3d at 754–55. To be a deemed party, (1) the appellant must be bound by the judgment; (2) its privity of estate, title, or interest must appear from the record; and (3) there must be an identity of interest between the appellant and a party to the judgment. *Id.* at 755 (citing *Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex. 1999)). Thus, under the doctrine of virtual representation, the Texas Supreme Court recognizes unnamed, objecting class members as deemed parties for purposes of appeal. *Id.*

Lapiner does not cite, we do not find, and our dissenting colleague does not mention any case applying the "deemed party" analysis to Texas Rule of Appellate Procedure 26.1 for purposes of extending the appellate timetable. As such, without regard to whether Lapiner must intervene in order to have standing to appeal, the plain language of Rule 26.1 deprives Lapiner—a nonparty—of the right to extend the time for filing a notice of appeal. Nevertheless, under the unique facts of this case, we determine that even if the doctrine of virtual representation may be used to extend the Texas appellate timetable, Lapiner does not qualify as a deemed party under the doctrine.

Under Texas law, Lapiner cannot satisfy any of the elements of the doctrine of virtual representation. Lapiner is not bound by the underlying judgment—Isramco is bound. The claims adjudicated in this shareholder derivative action are for injury to the corporation, as distinguished from injury to its shareholders. *See Swank v. Cunningham*, 258 S.W.3d 647, 661–62 (Tex. App.—Eastland 2008, pet. denied); *see also Redmon v. Griffith*, 202 S.W.3d 225, 233 (Tex. App.— Tyler 2006, pet. denied). Our analysis is not altered even though the shareholder derivative action judgment may "bring about reduced earnings, salaries, or bonuses." *See BJVSD Bird Family P'ship, L.P. v. Star Elec., L.L.C.*, 413 S.W.3d 780, 785–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that the appellant's interest as a stakeholder in an entity did not satisfy the privity element of the virtual representation doctrine).

Finally, there is no identity of interest between Lapiner and the plaintiffs. The plaintiffs are, as they must be to have standing, shareholders who owned stock in the corporation at the time of the transactions at issue. *See* Tex. Bus. Orgs. Code Ann. § 21.552 (providing that a shareholder "may not institute or maintain a derivate proceeding unless" the shareholder owned stock in the corporation at the time of the complained of acts or omissions). Lapiner, on the other hand, did not own stock at the time of the transactions and, therefore, could not have brought this lawsuit as a plaintiff.

Because we determine that Lapiner did not timely file his notice of appeal, we sustain the first ground for dismissal. Because we sustain appellees first ground for dismissal, we need not address the second ground and determine whether Lapiner would have had standing, as an objector, to appeal the final judgment approving the shareholder derivative action. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having sustained appellees' first issue in their motion to dismiss, we dismiss this appeal.

/s/ Sharon McCally
   Justice

Panel consists of Chief Justice Frost and Justices McCally and Busby.  (Frost, C.J., concurring) (Busby, J., dissenting).