### BRANTLEY v. BOONE et al.
### No. 772.

Court of Civil Appeals of Texas. Eastland.
Jan. 9, 1931.

Cox & Hayden, of Abilene, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, and Con. J. O'Connor, of Breckenridge, for appellees.

LESLIE, J.

This is an appeal from a judgment based on an instructed verdict in favor of the defendants L. F. Boone et al., in a suit by the plaintiff, Volney Brantley, Jr., by his next friend, E. W. Stedman. Volney Brantley, Jr., is a minor, and the posthumous child of Volney Brantley, Sr. The suit was for the recovery of damages accruing to the minor by reason of the death of his father, who, it is alleged, was run over and killed by an automobile operated by the defendant Opal Hinchman, née Witherspoon, who prior to her marriage to T. W. Hinchman, and at the time of the collision, was a member of the household of L. F. Boone, and habitually drove the car with the consent of said Boone, who knew her to

be a negligent, reckless, and inexperienced driver. It was further alleged that the car was purchased and furnished by said Boone for the convenience and pleasure of his family, including said Opal Witherspoon.

To defeat recovery, the defendants made general denial, and specially pleaded res adjudicata.

The first proposition, to the effect that limitation of two years was not available to the defendants for the reason that, at the time the minor sustained his damages he was an unborn child, etc., becomes immaterial under the disposition we find it necessary to make of this appeal. To our minds no question of limitation arises in the case.

The right of a posthumous child to recover damages for injuries resulting in the death of a parent is fixed by article 4671 et seq., R. S. 1925, and the decisions to be found in the annotations thereunder. Such rights of recovery were fully considered by our Supreme Court in Nelson v. Railway Co., 78 Tex. 621, 14 S. W. 1021, 1023, 11 L. R. A. 391, 22 Am. St. Rep. 81. The general principles underlying recovery in such cases need not be specially noticed, since they are recognized by the respective litigants. But the novel and one of the controlling features in the case arises from the circumstances underlying the plea of res adjudicata now to be considered, and requiring a somewhat detailed statement of the facts.

By pleading and testimony it conclusively appears that Volney Brantley, Sr., met his death September 20, 1924; that the child for whom this suit is brought was born seven months later; that his mother, Elizabeth Brantley, wife of Volney Brantley, Sr., instituted suit No. 6193 in the district court of Stephens county on the following December 24, 1924, against said L. F. Boone, Opal Witherspoon, now Opal Hinchman, and the Standard Accident Insurance Company, a corporation, to recover damages accruing to herself by reason of the death of her husband under the circumstances detailed. The petition was full and complete, claiming damages to the extent of $51,000 as against Boone and Witherspoon, and $10,000 as against the insurance company.

The cause came on for trial March 6, 1925. The defendants, among other pleas in that case, answered by general denial. In the progress of the trial, leave of the court first obtained, the plaintiff, Mrs. Brantley, by trial amendment made or attempted to make the unborn child a party plaintiff to the litigation. By this instrument she alleged the facts of the situation, set up the child's right of recovery in conjunction with her own, and prayed for judgment for herself as in her amended original petition, and for judgment "in favor of and on behalf of all other parties plaintiff to this suit, and for general relief." The defend-

ants interposed no objection to the trial amendment nor the procedure indicated. The trial proceeded to judgment, which decreed that the plaintiff Elizabeth Brantley do have and recover of the defendants jointly and severally, "for herself and all other persons entitled to sue for the death of her husband, Volney Brantley, deceased, including the unborn child, * * * the sum of $6,067.00." The judgment was paid off the same day and released in full as against each and all of the defendants. Mrs. Brantley and her attorneys collected the judgment, executed and acknowledged the release thereof. All of this occurred before the birth of the child for whose benefit the instant suit is brought, and this is the circumstance that renders the case somewhat novel and distinguishes it from the ordinary suit to enforce the rights of a posthumous child under the statute creating the right of action for death by wrongful act.

We are cited to no authority dealing with any case in which appears the above distinguishing feature, and we have found none. However, after a careful consideration, we have concluded that our Supreme Court, in the Nelson Case, supra, has sufficiently indicated the principles of law that should govern in this case. In that opinion the court, after a learned discussion of the contention that no right of action accrued to the plaintiff under our statute for the recovery of damages for the death of his father, by reason of the fact that he was born after the death of his father, quoted from Lancashire v. Lancashire, 5 T. R. 49, as follows: "'No agreement founded on law and natural justice is in favor of the child born during the father's life that does not equally extend to a posthumous child.' The law must make the same presumption in the favor of one that it does in favor of the other. This case concludes with the declaration of the principle 'that a posthumous child must be considered in the same situation, and entitled to the same benefits, as one born during the life of its father.'"

After a further course of reasoning to the same effect, the court reached its conclusion briefly stated in this language: "We conclude, therefore, that it was manifestly the purpose of the legislature to give the right of action, in a case like the present, to all of the surviving children of the deceased. We think, also, that the plaintiff in this case, although unborn at the time of his father's death, was in being, and one of his surviving children."

Based upon these conclusions, the legal status of an unborn child as thus declared, and the apparent purpose of the death statute to provide for but one suit in actions arising under such circumstances, we are of the opinion that Mrs. Brantley, mother of the minor and wife of the deceased, Brantley, as plaintiff in the former suit (6193), had a right to bring that suit for the benefit of herself and the un-

born child, and to there have its rights determined. Such adjudication, in our opinion, is just as effectual as if such rights had been asserted for the first time in a suit subsequent to the birth of a child. Especially do we so conclude, since the defendants in that suit objected neither to the infant's being made a party plaintiff, the method by which it was so made, nor asked that the proceeding as to the minor be arrested for any reason. The defendant in a death action has a right to have all interested parties included in the petition, and it has been held that the defendant should be accorded a postponement of the trial until such parties are joined in the suit. San Antonio & A. P. Ry. Co. v. Mertink, 101 Tex. 165, 105 S. W. 485; San Antonio Portland Cement Co. v. Gschwender (Tex. Civ. App.) 191 S. W. 599.

The statute creating the right of action in this class of cases provides, in part, as follows: "The action shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children and parents of the person whose death has been caused, or by either of them for the benefit of all. * * *" Aricle 4675.

In construing the statutes governing the right of recovery by a posthumous child, we quote further from the opinion in the Nelson Case, supra: "It is true, as claimed by the appellee, that the statute only contemplated that one suit should be brought. But this means one suit brought for all the beneficiaries, or one to which they are made parties. Railway Co. v. Kutac, 72 Tex. 643, 11 S. W. 127. The purpose of the statute, in this respect, is to prevent the defendant, the company, from being subjected to a double payment to any one beneficiary. If the mother and one child sue, and recover only the compensation awarded them by a verdict, and, as in this case, another child sues, it cannot be precluded on the ground that one action has been brought by all the beneficiaries, or that one beneficiary has brought the action for all, because no such action has been brought. *If it had, it would be the one suit contemplated by the statute.* (Italics ours.) The amount to which all the beneficiaries would be entitled, if at all, would be included in that suit, and another could not be properly brought, and a second judgment, in whole or in part, recovered against the same defendant. But if the amount of compensation of any one of the beneficiaries had not been included in such suit, and he is entitled to it, upon no principle of reason should he be concluded by a judgment in which his rights were not considered. If the defendant is liable to three beneficiaries under the statute, the aggregate compensation to which they are justly entitled should be no greater, whether it be recovered in three suits brought by one, each of them, or one suit brought by all."

The clear implication from the language used is that, if the former suit had included the posthumous child, it would have been the suit contemplated by the statute. The statute would seem to say as much. Since it provides that certain survivors of the deceased may bring the action for all those exclusively entitled thereto, it but naturally and logically follows that those for whom the action is prosecuted are bound by its decree. The second proposition is overruled, but will be further considered in connection with propositions 4 and 5.

The third proposition presents the contention that the minor child was entitled to inherit from his deceased father, and entitled to assert his cause of action for such rights accruing to him under the circumstances alleged. As an abstract proposition of law this is correct, but it does not fit the record or facts in this case. The decisive question here is whether or not the rights of the child had already been duly asserted and adjudicated in the prior lawsuit.

██ The fourth and fifth propositions challenge the legality of the proceeding in the trial of the first cause (6193) prosecuted by Mrs. Brantley in the district court for herself and the minor who sues in the instant case. The contention is that the proceedings in that suit, in so far as they attempt to bind the minor, are void (1) for the reason that, if authorized to prosecute the suit for the child, she could not bind the child in the suit in which she was the sole plaintiff and for whose sole benefit it was being prosecuted simply by filing a trial amendment which attempted to make the child a party to the suit; and (2) because the trial amendment could not be resorted to under the circumstances for making the child a party plaintiff. These are advanced as reasons why the peremptory instruction was erroneous. These propositions are overruled upon the authority of International & G. N. Ry. Co. v. Howell (Tex. Civ. App.) 105 S. W. 560 (writ of error denied). It was there held that a new party plaintiff can be brought into a suit of this exact nature.

It may be conceded that an amended petition would have been the appropriate method of bringing in a new party plaintiff, but, when done, as here indicated, the error, if any, would be harmless, in the absence of any objections by the defendants disclosing any injury to them.

██ Since we have concluded that the judgment in the former suit is binding upon the minor, Volney Brantley, Jr., it necessarily follows that the present attack on the judgment would fail as being a collateral attack. Benavides v. Garcia (Tex. Civ. App.) 283 S. W. 611; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, 327.

The instant suit is not a direct attack upon the original judgment for any character of fraud, collusion, neglect, or unfair dealing

on the part of the minor's mother, who as plaintiff brought him into that suit and undertook to represent him in the assertion of his rights.

For the reasons assigned, the judgment of the trial court is affirmed.

HICKMAN, C. J., not sitting.