Opinion issued December 28, 2006

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00905-CV






IN RE THE STATE OF TEXAS AND $15,975.85 IN U.S. CURRENCY,
Relator






Original Proceeding on Petition for Writ of Mandamus





O P I N I O N

 The issue in this original proceeding is whether a motion for new trial filed by
a nonparty will extend the trial court's (1) plenary power under Texas Rule of Civil
Procedure 329(b). We hold that it does not. Accordingly, we conditionally grant the
petition for writ of mandamus.

BACKGROUND

 According to the Peace Officer's Affidavit of Seizure, Jim Ross Cole was
arrested on July 14, 2006, while in possession of $15,975.85 in cash. On July 19,
2006, the State filed an original notice of seizure and intended forfeiture, alleging that
the currency had been seized on July 14, 2006, and was subject to forfeiture because
it constituted proceeds from illegal narcotics trafficking. Jim Ross Cole, the alleged
owner of the currency, did not file an answer. On August 22, 2006, the trial court
signed a final judgment ordering the currency to be forfeited to the State. On August
30, 2006, a non-party to this proceeding, Elwyn Cole--Jim Ross Cole's father--filed
a motion for new trial claiming the currency as an innocent owner. On October 2,
2006, the trial court granted Elwyn Cole's motion and ordered a new trial. To date,
Jim Ross Cole has not filed any instrument that could be considered an answer or
request for new trial. In addition, Elwyn Cole did not intervene or file any other
pleading asserting a claim to the currency before the trial court rendered final
judgment.

 The underlying proceeding is the second case arising out of currency seized
from Jim Ross Cole pursuant to Code of Criminal Procedure Chapter 59. (2) Elwyn
Cole intervened in a prior case, filed under Cause No. 36555, State v. $36,581.00, and
unsuccessfully argued that his son, Jim Ross Cole, had stolen the seized currency in
issue from him. Elwyn Cole maintains that the $36,581.00 from the prior case and
the money presently at issue were both from the same theft. Thus, Elwyn Cole argues
he is an "innocent owner" of the currency in both cases. Upon final hearing in the
earlier matter, however, the trial court ruled that Elwyn Cole was not an innocent
owner of the currency in dispute. 

LAW AND ANALYSIS


 In its petition for writ of mandamus, the State contends that the trial court
lacked plenary power to grant the new trial because Elwyn Cole's motion for new
trial did not extend the trial court's plenary power. Specifically, the State contends
that, because Elwyn Cole was not a party to the proceeding, his motion for new trial
was ineffective to extend the trial court's plenary power. We agree.

 A trial court has plenary power to grant a new trial for 30 days after a final
judgment is signed. Tex. R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d
251, 252 (Tex. 1984) (orig. proceeding) (per curiam). The court loses plenary power
unless a party to the judgment files a motion that extends the trial court's plenary
power within 30 days of judgment. Tex. R. Civ. P. 329b(d), (e); Bass v. Bass, 106
S.W.3d 311, 314 (Tex. App.--Houston [1st Dist.] 2003, no pet.). However, if a party
files a motion for a new trial in a timely manner, the trial court's plenary power is
extended, and it retains the power to change or alter its judgment for 75days after the
final judgment is signed. Tex. R. Civ. P. 329b(c), (e), (g). Once plenary power has
expired, the court has no authority to set aside a judgment except by bill of review. 
Tex. R. Civ. P. 329b(f); Thursby v. Stovall, 647 S.W.2d 953, 954 (Tex. 1983) (orig.
proceeding) (per curiam). 

 In this case, the trial court rendered a final judgment on August 22, 2006. 
Thus, under Rule 329b, the trial court's plenary power expired on September 21,
2006, unless extended by the motion Elwyn Cole filed on August 30, 2006.

 In State & County Mutual Fire Insurance Co. v. Kelley, Peck, a nonparty filed
motions to intervene and for new trial on the last day of the trial court's plenary
power, asserting that she should have been joined in the suit as a necessary party. 915
S.W.2d 224, 226 (Tex. App.--Austin 1996, no pet.). After plenary power would
have expired, the trial court granted the Peck's intervention and motion for new trial. 
Id. The appellate court noted that only parties to a suit can file a motion for new trial,
and that, unless Peck's intervention made her a party to the suit on the day it was
filed, her motion for new trial did not extend the trial court's plenary power. Id. at
227. Because Peck's intervention was filed postjudgment and was not considered
before the judgment was set aside, it was ineffective to make Peck a party on the date
it was filed. Id. As such, Peck's motion for new trial did not extend the trial court's
plenary power. Id. "A 'motion for new trial' filed by a nonparty is simply an
unofficial plea to the trial court to exercise its discretion allowed under Rule 320 to
set aside the judgment during the trial court's plenary power." Id. (emphasis added);
see also Malone v. Hampton, 182 S.W.3d 465, 468-69 (Tex. App.--Dallas 2006, no
pet.) (holding motion for new trial filed by one who has not successfully intervened
insufficient to extend trial court's plenary power).

 In this case, Elwyn Cole did not intervene in the suit. As a nonparty, his
motion for new trial could not extend the trial court's plenary power. See id. As
such, the trial court's order granting the motion, which it signed outside its plenary
power, is void. See id.

 However, we note that Elwyn Cole is not without a remedy. The State is
required to name and serve with citation "the owner of the property" and "any interest
holder in the property" as a party to a forfeiture proceeding. See Tex. Code Crim.
Proc. Ann. art. 59.04(b), (i) (Vernon Supp. 2006). To the extent that Elwyn Cole
claims that he was not properly joined and served in the forfeiture proceeding, he can
file a bill of review. See Tex. R. Civ. P. 329b(f). Ordinarily, a bill of review is
available only to a party to the initial action, but the remedy has also been held to be
available to one who has a then-existing interest or right that was prejudiced by the
judgment. See $27,920.00 in U.S. Currency v. The State, 37 S.W.3d 533, 536-37
(Tex. App.--Texarkana 2001, pet. denied).

CONCLUSION


 Because the trial court's order granting Elwyn Cole's motion for new trial is
void, we conditionally grant the petition for writ of mandamus. The writ will issue
only if the trial court fails to vacate its October 2, 2006 order granting Elwyn Cole's
motion for new trial.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Brown. (3)

1. 
 
 - 
 
2. 
 - 

3.