NUMBER 13-07-020-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DUANE CONKEY, ADMINISTRATOR 

OF THE ESTATE OF RAYMOND 

CONKEY, DECEASED, Appellant,


v.


CANDACE TONKENS, ET AL., Appellees.

 


On appeal from the County Court at Law No. 2 


of Cameron County, Texas.

 

 

MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza
 

 Appellant, Duane Conkey, the dependent administrator of the estate of Raymond
Conkey, appeals from the trial court's order approving the final account in the estate of his
deceased wife, Amy Conkey. (1) By three issues, Duane claims the trial court erred in
approving the final account over his objections and in denying his November 6, 2006
motion for new trial, which contained objections to the final account. Specifically, appellant
argues that the trial court erred in approving the final account: (1) before Amy's interest
in Raymond's estate had been determined, and (2) because Amy's administratrix failed to
inform the probate court of the pending litigation and appeal in the proceedings related to
Raymond's estate. By his third issue, appellant claims the trial court abused its discretion
in denying his motions for new trial. We dismiss for lack of jurisdiction.

I. Factual and Procedural Background

 Amy Conkey died on December 6, 2003. Her husband, Raymond Conkey, died
twenty-five days earlier, on November 11, 2003. Although married many years, the couple
had no children. Candace Tonkens was appointed as Dependent Administrator of Amy's
estate. On January 28, 2004, the trial court signed an order admitting Amy's will to probate
and granting letters of administration. On January 25, 2005, Tonkens filed the "Inventory,
Appraisement and List of Claims" for Amy's estate. The inventory included the four
complained-of accounts that appellant now claims an interest in on behalf of Raymond's
estate. The trial court entered an order approving the inventory, appraisement and list of
claims on January 31, 2005. (2) On September 21, 2006, Tonkens filed Amy's "Final
Account" and the citation for the final account was posted on September 28, 2006. The
order approving the final account was signed on October 18, 2006. On November 2, 2006,
Tonkens filed her "Report of Compliance" advising that the administrator's commission had
been paid and Amy's estate had been distributed pursuant to the court's order. On this
same day, Tonkens filed her "Motion to Close Dependent Administration" of Amy's estate. 

 Appellant appeared in this underlying proceeding for the first time on November 6,
2006, when he filed his "Motion for New Trial on October 18, 2006 Hearing and Order
Approving Final Account And Objection to Final Account." Tonkens filed her response in
opposition to appellant's motion for new trial on November 16, 2006. The trial court
entered its order denying appellant's motion for new trial on November 13, 2006. 

 On December 13, 2006, appellant filed a motion styled, "December 13, 2006 Motion
for New Trial in Light of Declaratory Judgment Filed Anet MultiParty Accounts of Widow;
participation in Appeal by Administrator; and October 18, 2006 Hearing and Order
Approving Final Account and Objections to Final Account." Appellant filed the motion along
with an original petition for a declaratory judgment. The petition included captions for both
Raymond's and Amy's estate proceedings. 

 On December 22, 2006, Tonkens filed her response in opposition to appellant's
second motion for new trial, she also filed a plea in abatement, original answer and special
exceptions in response to the declaratory judgment petition.

 On January 11, 2007, appellant filed his notice of appeal from the trial court's
November 13 denial of his "Motion for New Trial on October 18, 2006 Hearing and Order
Approving Final Account And Objection to Final Account." 

II. Timeliness of Appeal

 Tonkens claims that because appellant was not a party to this proceeding, his
motion for new trial was ineffective to extend the trial court's plenary power, and as a result,
his appeal is untimely. We agree.

 It is clear that appellant was not a party to this proceeding and that he never
appeared in the proceedings. Although he had notice that the complained-of accounts
were included in Amy's inventory, appellant never filed a timely complaint, in writing,
objecting to the inclusion of the complained-of accounts. 

 Section 10 of the Texas Probate Code provides:


Any person interested in an estate may, at any time before any issue in a
proceeding is decided upon by the court, file opposition thereto in writing and
shall be entitled to process for witnesses and evidence, and to be heard
upon such opposition, as in other suits. 


Tex. Prob. Code Ann. § 10 (Vernon 2003) (emphasis added); see id. § 258 (Vernon
2003). (3) 

 It is undisputed that appellant was an interested party in Amy's. Section 10 of the
probate code provided appellant with a procedure by which he could have become a party
to Amy's estate proceedings. See id. § 10. However, appellant failed to file an objection
to the proceedings challenging the inclusion of the complained-of accounts in Amy's
inventory. See id. §§ 10, 258. 

 A trial court has plenary power to grant a new trial for thirty days after a final
judgment is signed. Tex. R. Civ. P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251,
252 (Tex. 1984) (orig. proceeding) (per curiam). The court loses plenary power unless a
party to the judgment files a motion that extends the trial court's plenary power within thirty
days of judgment. Tex. R. Civ. P. 329b(d), (e); Bass v. Bass, 106 S.W.3d 311, 314 (Tex.
App.-Houston [1st Dist.] 2003, no pet.). In this case, the trial court signed the complained-of order on October 18, 2006. Thus, pursuant to rule 329b, the trial court's plenary power
expired on November 17, 2006, unless extended by Duane's November 6, 2006 motion
for new trial. 

 Only parties to a suit can file a motion for new trial. State v. $15,975.85 in U.S.
Currency, 221 S.W.3d 713, 715 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (citing State
& County Mutual Fire Insurance Co. v. Kelley, 915 S.W.2d 224, 226 (Tex. App.-Austin
1996, no pet.)). Because appellant was not a party to the proceedings in Amy's estate, his
motion for new trial did not extend the trial court's plenary power. See id. "A 'motion for
new trial' filed by a nonparty is simply an unofficial plea to the trial court to exercise its
discretion allowed under Rule 320 to set aside the judgment during the trial court's plenary
power." $15,975.85 in U.S. Currency, 221 S.W.3d at 715 (quoting Kelley, 915 S.W.2d at
227) (emphasis added) (citing Malone v. Hampton, 182 S.W.3d 465, 468-69 (Tex.
App.-Dallas 2006, no pet.) (holding motion for new trial filed by one who has not
successfully intervened insufficient to extend trial court's plenary power))).

 Here, appellant was not a party to Amy's estate proceedings. As a nonparty, his
motion for new trial could not extend the trial court's plenary power. Accordingly, we
conclude the appeal, which was filed on January 11, 2007, was untimely. See Tex. R. App.
P. 26.1. We dismiss the appeal for lack of jurisdiction.

 





 

 __________________________ 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 31st day of August, 2007.

1. There are actually two dependent estates. The estate at issue in this appeal is that of Amy Conkey,
cause number 2004-CPC-0005-B in County Court at Law Number 2, Cameron County. Raymond Conkey's
estate, cause number 2004-CPC-0002-B, was also before County Court at Law Number 2. An appeal taken
from Raymond's estate has been disposed of in appellate cause number 13-06-00347-CV.
2. On July 5, 2005, Tonkens filed a motion in Raymond's estate proceedings to compel a filing of an
inventory in that estate. On August 3, 2005, she also filed a motion to remove appellant as dependent
administrator for failing to file the inventory and for other derelictions of his duties. Appellant filed Raymond's
inventory, appraisement and list of claims in Raymond's estate proceedings on August 10, 2005. Tonkens
objected to appellant's inventory, which included many of the same accounts that had already been approved
in Amy's inventory six months earlier. At the time of this appeal, Tonkens' objections were still pending before
the trial court.
3. Section 258 provides: 


Any person interested in an estate who deems an inventory, appraisement, or list of claims
returned therein erroneous or unjust in any particular may file a complaint in writing setting
forth and pointing out the alleged erroneous or unjust items, and cause the representative
to be cited to appear before the court and show cause why such errors should not be
corrected. If, upon the hearing of such complaint, the court be satisfied from the evidence
that the inventory, appraisement, or list of claims is erroneous or unjust in any particular as
alleged in the complaint, an order shall be entered specifying to make a new appraisement
correcting such erroneous or unjust items and requiring the return of said new appraisement
within twenty days from the date of the order. . . . 


Tex. Prob. Code Ann. § 258 (Vernon 2003).