FILED
14-0804
8/27/2015 4:12:30 PM
tex-6687976
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. 14-0804

# In the
# Supreme Court of Texas

*IN RE SENECA RESOURCES CORPORATION,*

*Relator.*

Original Proceeding from the
234th District Court, Harris County, Texas
Cause No. 2013-01325

## PETITION FOR WRIT OF MANDAMUS
## REPLY BRIEF

BAKER & HOSTETLER LLP

W. Ray Whitman
rwhitman@bakerlaw.com
State Bar No. 21379000
Douglas D. D'Arche
ddarche@bakerlaw.com
State Bar No. 00793582

Alexander D. Burch
aburch@bakerlaw.com
State Bar No. 24073975
Jordan A. Sinclair
jsinclair@bakerlaw.com
State Bar No. 24079341

811 Main St., Suite 1100
Houston, TX 77002
(713) 751-1600 Telephone
(713) 751-1717 Facsimile

ATTORNEYS FOR RELATOR SENECA
RESOURCES CORPORATION

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents ...................................................................................1

Table of Authorities.............................................................................2

Reply ......................................................................................................5

    I.     Introduction.................................................................................5

    II.    Seneca has no burden to negate the Pennywells' legally invalid construction of Rule 329b(e). ....................................9

        A.    The Pennywells' motion for new trial negated their standing as a "party" under Rule 329b(e). ...........9

        B.    The Pennywells have the burden to prove their alleged Rule 329b(e) "party" status. ...........................13

        C.    The term "party" in Rule 329b(e) refers only to parties of record. .......................................................15

    III.   The Wrongful Death Act does not automatically confer "party" status to beneficiaries that do not sue. ....................22

    IV.   The Pennywells' post-judgment intervention arguments fail under this Court's opinion in *State of Texas v. Naylor*.................................................................25

Conclusion & Prayer .........................................................................31

Certification of Factual Statements.................................................33

Certificate of Compliance..................................................................33

Certificate of Service .........................................................................34

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avila v. St. Luke's Lutheran Hosp.*,
948 S.W.2d 841 (Tex. App.—San Antonio 1997, no pet.) ..........................23, 24

*Brantley v. Boone*,
34 S.W.2d 409 (Tex. App.—Eastland 1931, no writ) ........................................24

*In re Brookshire Grocery Co.*,
250 S.W.3d 66 (Tex. 2008)...............................................................................14, 15

*City of San Benito v. Rio Grande Valley Gas Co.*,
109 S.W.3d 750 (Tex. 2003) ......................................................................16, 17, 18

*Dennis v. Gulf, C. & S.F. Ry. Co.*,
224 S.W.2d 704 (Tex. 1949) ...................................................................................6

*First Alief Bank v. While*,
682 S.W.2d 251 (Tex. 1984) .................................................................................26

*Galveston, H. & S.A. Ry. Co. v. Pennington*,
166 S.W. 464 (Tex. 1914)........................................................................................6

*Heckman v. Williamson Cnty.*,
369 S.W.3d 137 (Tex. 2012) ...........................................................................13, 20

*Long v. Knox*,
291 S.W.2d 292 (Tex. 1956) ...................................................................................8

*In re Lovito-Nelson*,
278 S.W.3d 773 (Tex. 2009) (per curiam) .............................................................15, 20

*In re Lumbermens Mut. Cas. Ins. Co.*,
184 S.W.3d 718 (Tex, 2006) .................................................................................26

*Nelson v. Galveston*,
14 S.W. 1021 (Tex. 1890).................................................................................23, 24

*Pleasant Glade Assembly of God v. Schubert*,
264 S.W.3d 1 (Tex. 2008).......................................................................................8

*Presdio Indep. Sch. Dist. v. Scott*,
    309 S.W.3d 927 (Tex. 2010) ..............................................................15, 17

*In re State & $15,975.85*,
    221 S.W.3d 713 (Tex. App.—Houston [1st Dist.] 2006, no pet.)..........16, 20, 30

*State Mut. Ins. v. Kelly*,
    915 S.W.2d 224 (Tex. App.—Austin 1996, no pet.)..............................16, 20, 30

*State of Texas v. Naylor*,
    __ S.W.3d __, Nos. 11-0114 & 11-0222, 2015 WL 3852284 (Tex.
    June 19, 2015) ...................................................................................*passim*

*Tex. Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) ....................................................................14

*Tex. Mut. Ins. Co. v. Ledbetter*,
    251 S.W.3d 31 (Tex. 2008)...................................................................26, 29

*In re Union Carbide*,
    273 S.W.3d 152 (Tex. 2008) ....................................................................14

*Walker v. Packer*,
    827 S.W.2d 833 (Tex. 1992) ....................................................................14

*Zanchi v. Lane*,
    408 S.W.3d 373 (Tex. 2013) ................................................................15, 17

*Zorilla v. Aypco Constr. II, LLC*,
    __ S.W.3d __, No. 14-0067, 2015 WL 3641299
    (Tex. June 12, 2015) ...............................................................................15

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 16.003(b) ..............................................................10

TEX. CIV. PRAC. & REM. CODE § 71.004....................................................10, 22, 23

TEX. CIV. PRAC. & REM. CODE § 154.002............................................................5

**Rules**

TEX. R. CIV. P. 193.6.................................................................................18, 19

TEX. R. CIV. P. 329b .................................................................................*passim*

TEX. R. CIV. P. 39 ...............................................................................19

TEX. R. CIV. P. 39, 40..........................................................................16

TEX. R. CIV. P. 60 ...............................................................................26

TEX. R. CIV. P. 93 ...............................................................................12

## I.   Introduction.

This Court should grant Seneca mandamus relief from the trial court's void orders entered after its plenary power expired and reinforce the well-settled practice of courts encouraging peaceable resolutions of disputes. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 154.002 ("It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures."). Requiring the trial court to set aside its void orders in the underlying action will prevent nonparties to a lawsuit, like the Pennywells, who failed to timely assert their own rights under the Wrongful Death Act, if any, from interfering with the parties' agreement to resolve their dispute and voluntarily dismiss the suit.

The Pennywells seek to force the parties of record in the underlying action into further undesired litigation in a court that lacks jurisdiction over the case because "of the *prospect* that the judgment would bind [the Pennywells]" despite claiming in the trial court that the judgment was *not* binding on them. (Response[1] at 11) (emphasis added);

---

[1] The Pennywells' brief filed in this Court on July 20, 2015, and titled "Real Party in Interest's Brief on the Merits" is referred to herein as the "Response."

(MR0136). The Pennywells also attempt to characterize the underlying proceeding as shrouded in secrecy in an apparent effort to shift the Court's focus away from the fact that they did not bring their own lawsuit. (Response at 3-5). However, no "party" in the underlying action had any obligation to provide notice to the Pennywells. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE 71.001-.012 (lacking notice requirements under the Wrongful Death Act for potential beneficiaries that do not bring suit); *Dennis v. Gulf, C. & S.F. Ry. Co.*, 224 S.W.2d 704, 705 (Tex. 1949) (recognizing that a beneficiary may bring a wrongful death action without the knowledge or consent of other beneficiaries); *Galveston, H. & S.A. Ry. Co. v. Pennington*, 166 S.W. 464, 470 (Tex. 1914) (holding that, although the Wrongful Death Act "is subject to criticism for not providing some kind of legal notice [to] those not bringing suit," the Act is not unconstitutional on that ground).

Substantively, the Pennywells try to argue that their motion for new trial extended the trial court's plenary power period over the case because they each obtained "party" status under Rule 329b(e) of the

6

Texas Rules of Civil Procedure[2] either through the Wrongful Death Act or the rules governing post-judgment intervention. (Response at 15, 31). As a result, they wrongfully contend that the trial court's orders granting their motion for new trial and setting aside its final judgment were not void.

To fabricate their "party" status theories, the Pennywells simply make up their own rule regarding Rule 329b "party" status without offering any supporting basis for it. They contend that "party" status for a nonparty under Rule 329b(e) "focuses on the suit's capacity to bind" the nonparty. (*Id.* at 13-14). Based on this unsupported and fictitious theory, the Pennywells argue that Seneca's refusal to take a position on the binding effect of the agreed judgment in the underlying action precludes mandamus relief in this Court.

No court has ever construed Rule 329b(e) as requiring a trial court to engage in an advisory res-judicata-type analysis when determining whether it has jurisdiction to act on a nonparty's motion for new trial. In any event, as shown below, the question of whether the subject

---

[2] Rule 329b(e) provides that "[i]f a motion for new trial is timely filed by any part, the trial court . . . has plenary power to grant a new trial or to vacate, modify, or correct, or reform the judgment until thirty days after all such timely-filed motions are overruled . . . ." TEX. R. CIV. P. 329b(e).

agreed judgment in the underlying case is, or is not, binding on the Pennywells is irrelevant and does not change the fact that the Pennywells did not possess Rule 329b(e) "party" status when they filed their motion for new trial. Therefore, regardless of which self-contradicting position the Pennywells now take regarding the binding effect of the subject judgment—in the trial court they argued the judgment was *not* binding on them, but argue the exact opposite in this Court[3]—Seneca had no burden to prove the Pennywells lacked standing as a Rule 329b(e) party.

The Pennywells' two Rule 329b(e) "party" status theories also lack merit. As shown below, their first theory under the Wrongful Death Act is not supported by the Act and the second, post-judgment intervention theory has been repeatedly rejected, most recently by this Court in

---

[3] Judicial estoppel would ordinarily preclude the Pennywells from taking one position in the underlying proceeding and a diametrically opposite position in this original proceeding. *Long v. Knox*, 291 S.W.2d 292, 295 (Tex. 1956) ("Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made."). But since the binding effect of the judgment in the underlying action is not relevant to a court's Rule 329b(e) "party" status analysis, this Court need not concern itself with the Pennywells' attempt to use self-contradiction as a means of obtaining unfair advantage. *See Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008) (recognizing the function of judicial estoppel "is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage").

8

*State of Texas v. Naylor*, __ S.W.3d at __, Nos. 11-0114 & 11-0222, 2015 WL 3852284 (Tex. June 19, 2015).

## II. Seneca has no burden to negate the Pennywells' legally invalid construction of Rule 329b(e).

The Pennywells first contend that Seneca cannot prevail in this mandamus proceeding because it has not taken a position on whether the agreed final judgment is binding on the Pennywells. This argument stems from the Pennywells' faulty premise that Rule 329b(e) "party" status depends on whether the trial court's signing of the agreed final judgment was binding on the Pennywells. (Response at 14). Contrary to the Pennywells' assertions, Seneca has no burden in this original proceeding to negate the Pennywells' legally invalid arguments, including their incorrect construction of Rule 329b(e).

### A. The Pennywells' motion for new trial negated their standing as a "party" under Rule 329b(e).

The Pennywells' motion for new trial in the underlying action actually negates their alleged Rule 329b(e) "party" status. As the Pennywells observe, the underlying wrongful death action was brought against Seneca and others in September of 2012 by Tammi McCoy, individually *and on behalf of the surviving heirs* of Brandon Pennywell, seeking to recover damages for Brandon Pennywell's April 5, 2012

9

death at a drilling rig site. (MR0003). Pursuant to an agreed motion, the trial court dismissed "all claims of Plaintiff" on March 26, 2014, (MR0117), and on April 3, 2014, entered its final judgment dismissing all remaining claims, (MR0131). The Pennywells filed a motion for new trial 26 days after the statute of limitations had run on any wrongful death claims, and just four days before the trial court's plenary power period expired under Rule 329b. (MR0131, 0134); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(b) (establishing a two-year limitations on an action for injuries causing death); TEX. R. CIV. P. 329b(d) (providing a plenary power period of thirty days for a trial court to vacate or modify its judgment). The Pennywells did not attach an affidavit or any other evidence to their motion.

In their motion, the Pennywells described themselves as "Joyce Ann Pennywell and Alana Pennywell, wife and daughter, of Brandon Pennywell, deceased, Curly and Rachel Pennywell, mother and father,[4] of Brandon Pennywell, deceased, and interested parties." (MR0134). Notably, the Pennywells alleged in their motion in numerous ways that

---

[4] The Pennywells clarify in this Court that, contrary to their trial court allegations, Curly and Rachel Pennywell are actually the *grandparents* of Brandon Pennywell, not his mother and father. (Response at 2 & 4n.1).

10

they were *not* actually parties to the underlying action. For example, the Pennywells alleged the underlying suit was "filed and settled without any notice to the Pennywell[s]" and that the "Pennywell[s] and *their counsel* did not know of this lawsuit's existence until after the Order of Dismissal was signed." (MR0135) (emphasis added). They also alleged that "[n]either Plaintiff McCoy nor *her counsel* had legal authority to bind the Pennywell[s]," the court's judgment "will not be binding on the Pennywell[s]," and that "McCoy already has received settlement funds, but *she has not done so on behalf of* the Pennywell[s]." (MR0135-36) (emphasis added).

Based on the Pennywells' allegations in their motion for new trial, one or all of the following facts must be true: (1) the Pennywells are not *surviving heirs of Brandon Pennywell* whom McCoy had prosecuted the underlying action *on behalf of*; (2) the Pennywells are not within the class of persons protected under the Wrongful Death Act; (3) the underlying action was not prosecuted *for their benefit*; and/or (4) McCoy and her counsel lacked the authority to bring the suit on behalf of the

11

Pennywells.[5] Each of these facts raises significant concerns regarding the Pennywells' standing as a party in the underlying action. None of them, however, confer "party" status on the Pennywells to extend the trial court's plenary power period under Rule 329b(e). Therefore, in response to the Pennywells' motion for new trial, Seneca argued that the Pennywells lacked standing as a "party" to the underlying action and, thus, their motion for new trial did not extend the trial court's plenary power period under Rule 329b(e). (MR0150-51).

In their reply filed in the underlying action, the Pennywells again did not include evidence to support their position and again distanced themselves from "party" status in the underlying action by arguing as follows: "The motion should be granted because of the Pennywell[s] *total exclusion from the proceedings* that led to the April 1 dismissal order." (MR0162). Although they claim they were *totally excluded* from the underlying action, they now present two alternative legal arguments which they assert establishes their "party" status (i.e., standing) under Rule 329b(e): (1) the Wrongful Death Act automatically conferred upon

---

[5] A challenge to a plaintiff's legal capacity to sue must be raised by a verified pleading. TEX. R. CIV. P. 93(1)-(2). The Pennywells did not file a verified pleading and did not challenge McCoy's capacity to sue on behalf of the estate of Brandon Pennywell under the Wrongful Death Act.

each of them Rule 329b(e) "party" status; and (2) they timely intervened post judgment. (MR0163-65).

Seneca first addresses the Pennywells' incorrect assertion that it has the burden to prove the Pennywells are not bound by the judgment in the underlying action and then shows that the Pennywells' Wrongful Death Act and post-judgment intervention arguments lack merit.

## B. The Pennywells have the burden to prove their alleged Rule 329b(e) "party" status.

The Pennywells had the burden to establish their purported Rule 329b(e) "party" status in the underlying action since their motion and Seneca's response raised the issue of the Pennywells' standing as a Rule 329b(e) "party" in the trial court. They did not meet this burden in the underlying action and their legal arguments in this proceeding are unavailing.

"Standing is a component of subject matter jurisdiction and appellate standing is typically afforded 'only to parties of record.'" *Naylor*, 2015 WL 3852284, at *2 (citations omitted). The burden of proof to establish standing rests with the party asserting it. *See, e.g.*, *Heckman v. Williamson Cnty.*, 369 S.W.3d 137 (Tex. 2012) ("The burden is on the plaintiff to affirmatively demonstrate the trial court's

13

jurisdiction.”); *see also In re Union Carbide*, 273 S.W.3d 152, 155 (Tex. 2008) (providing that, when standing to intervene is challenged, "the intervenors have the burden to show a justiciable interest in the pending suit"); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (establishing summary judgment like standards regarding evidence of standing). This Court always has jurisdiction to resolve questions of standing and jurisdiction and resolves those questions via de novo review. *Naylor*, 2015 WL 3852284, at *2.

Seneca seeks relief in this original proceeding from void orders entered by a trial court that lacked plenary power—i.e., jurisdiction—over the case. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68-69 (Tex. 2008) ("Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired."). To determine whether the trial court had jurisdiction to set aside its final judgment when it did requires an interpretation of Rule 329b of the Texas Rules of Civil Procedure and an application of the law to the facts. *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) ("A trial court has no 'discretion' in determining what the law is or applying law to facts."). Specifically, this case centers on whether a motion for new trial filed by nonparties, like

14

the Pennywells, extends the trial court's plenary power period under Rule 329b(e). Thus, the initial focus of this Court is the proper construction of Rule 329b. "The scope of a procedural rule is a question of law, . . . review[ed] de novo by applying the same cannons of construction applicable to statutes." *Zorilla v. Aypco Constr. II, LLC*, __ S.W.3d __, No. 14-0067, 2015 WL 3641299, at *10 (Tex. June 12, 2015)); *see, e.g.*, *In re Lovito-Nelson*, 278 S.W.3d 773, 776 (Tex. 2009) (per curiam) (construing Rule 329b); *In re Brookshire Grocery Co.*, 250 S.W.3d at 68-69 (same).

## C. The term "party" in Rule 329b(e) refers only to parties of record.

As set forth in Seneca's brief on the merits, the term "party" for purposes of Rule 329b(e) refers to the parties of record (i.e., named parties in the lawsuit). (Seneca's Brief on the Merits at p. 23) (citing *Zanchi v. Lane*, 408 S.W.3d 373, 378 (Tex. 2013); *Presdio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929-30 (Tex. 2010); BLACK LAW DICTIONARY 1232 (9th ed. 2009)). The rules of procedure provide many avenues by which a person can obtain party-of-record status; none of which apply to the Pennywells, who contend they were *totally excluded* from the underlying action. *See, e.g.*, TEX. R. CIV. P. 39, 40 (providing

15

mechanisms for joinder of persons to lawsuits as parties of record); *see also* (MR0162). Thus, the Pennywells' motion for new trial had no effect on the trial court's jurisdiction to enter further orders in the case because they were not made parties to the underlying lawsuit prior to the expiration of the court's plenary power period. *See* TEX. R. CIV. P. 329b (providing that only motions for new trial filed by "any party" operates to extend the trial court's plenary power period); *see also In re State & $15,975.85*, 221 S.W.3d 713, 715 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("As a nonparty, his motion for new trial could not extend the trial court's plenary power."); *State Mut. Ins. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no pet.) ("[O]nly a motion for new trial filed by a party of record automatically extends the trial court's plenary power.").

The Pennywells' present this Court with an erroneous construction of Rule 329b(e) "party" status. Relying on this Court's decision in *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750 (Tex. 2003), the Pennywells contend a trial court's analysis of Rule 329b(e) "party" status for a nonparty that files a motion for new trial focuses on whether the complained-of judgment is binding on the

16

moving nonparty. (Response at 13). Neither the *City of San Benito* opinion nor any other court opinion supports the Pennywells' construction of Rule 329b. Indeed, *City of San Benito* does not even mention Rule 329b[6] and was limited to "the procedural rules governing class actions" and the common law rule that *unnamed class members* are "deemed" parties for purposes of appeal under the virtual representation doctrine. 109 S.W.3d at 754-55. Specifically, that case addressed whether unnamed class members *who opted out* of a class action lawsuit and objected to settlement were required to first intervene in the trial court to be considered "parties *for purposes of appeal.*" *Id.* at 755-56 (emphasis added) (holding that unnamed class members who "opted out and objected to settlement" had standing to appeal; but those class members that did not opt out or object to the settlement did not).

---

[6] Ironically, this is the sole basis for the Pennywells' attempt to distinguish the Court's more recent opinions in *Zanchi v. Lane*, 408 S.W.3d 373 (Tex. 2013) and *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927 (Tex. 2010), both of which analyze a litigant's "party" status. (Response at 23-24). Yet, the Pennywells offer no explanation why the Court's pronouncement in *Zanchi*—that construing the term "party" to mean a party of record "is consistent with the definition of the term party in the Texas Rules of Civil Procedure"—does not apply to Rule 329b. *See Zanchi*, 408 S.W. 3d at 379.

The underlying wrongful death suit is not a class action and this proceeding is not an *appeal* from the trial court's judgment. Thus, the *City of San Benito* opinion simply has no bearing on any issue presented in this original proceeding or in the underlying case.

The Pennywells also cite to Rule 193.6 of the Texas Rules of Civil Procedure[7] relating to discovery and argue that, if this Court wanted to limit Rule 329b(e) "party" status to named parties, the Court would have explicitly stated "any *named* party" in the rule. (Response at 22-23). For this argument to advance the Pennywells' position in any meaningful way, the argument requires the Court to read the absence of the term "named" between the terms "any" and "party" in Rule 329b(e) to mean that the term "any party" in the rule means "any *person*." There is no basis to conclude the Court used the term "party" in Rule 329b(e) to mean "person." This Court clearly treats these terms differently throughout the Rules of Civil Procedure to distinguish

---

[7] Not only do the Pennywells contradict their position in the trial court by arguing in the trial court they are not bound by the judgment in the underlying action and then arguing here the exact opposite, *e.g., infra* at 27, but they contradict themselves within the *same* page of their Response brief by citing to discovery rules to support their position and then contending it is inappropriate to look to discovery rules to inform this Court's analysis of "party" status under Rule 329b. *Compare* Response at 22 ("Discovery rules do not define "any party" in Rule 329b) *with id.* at 22 (citing Rule 193.6 to argue that this "[c]ourts knows what to look for in a rule that applies named parties").

18

between those who are parties of record and those who are not. *See, e.g.*, TEX. R. CIV. P. 39 ("A *person* who is subject to process shall be joined as a *party* in the action if . . . ." (emphasis added)); *see also id.* 40 ("Persons having claims against the plaintiff may be joined as defendants . . . ."). Accordingly, the Pennywells reference to Rule 193.6 does not help their cause.

The Pennywells' erroneous construction of "any party" in Rule 329b(e) would also require a trial court to engage in an analysis of the binding effect of its prior judgment entered in the case on the nonparty that files a motion under Rule 329b. (Response at 13). Such a construction of Rule 329b(e) injects unnecessary uncertainty into the rule leaving parties of record at risk of not knowing when a judgment is final, or when the deadline for filing a notice of appeal has run in the event a nonparty files a motion for new trial. In addition, the Pennywells' argument that trial courts should determine whether a judgment is binding on a nonparty to ascertain if the nonparty is a "party" under Rule 329b(e) impermissibly authorizes an advisory res-judicata-type analysis into the binding effect of the court's final judgment on nonparties in the context of a motion for new trial.

19

*Heckman*, 369 S.W.3d at 147 (recognizing that the Texas Constitution prohibits courts from rendering advisory opinions); *see also* (Response at 20) (arguing that "[r]es judicata precedents support the judgment's binding effect as well").

The Pennywells' construction of Rule 329b(e) attempts to blur the clarity of the rule regarding who may extend the trial court's plenary power period over a particular case with a construction that contradicts its plain language. Such a construction also conflicts with this Court's prior precedent providing that Rule 329b should establish bright-line rules for litigants because uncertainty in the rule "would carry over to appellate deadlines and possibly give rise to mandamus proceedings, like this one." *In re Brookshire*, 278 S.W.3d at 775-76. This Court should grant review of this case to reaffirm the bright line rule of construction for Rule 329b and hold that the term "party" in Rule 329b(e) refers only to parties of record and, therefore, a nonparty's motion for new trial does not extend a trial court's plenary power period. *See, e.g.*, *In re State & $15,975.85*, 221 S.W.3d at 715 ("As a nonparty, his motion for new trial could not extend the trial court's plenary power."); *Kelly*,

915 S.W.2d at 227 ("[O]nly a motion for new trial filed by a party of record automatically extends the trial court's plenary power.").

As shown above and in Seneca's brief on the merits, Rule 329b(e) makes clear that only parties of record may extend a trial court's plenary power period by filing a motion for new trial. TEX. R. CIV. P. 329b(e). The rule does not independently confer "party" status on nonparties and does not require trial court's to perform an analysis of the binding effect of its judgment on a nonparty to assess its jurisdiction to set aside or modify its final judgment.

Thus, contrary to the Pennywells' arguments, Seneca had no burden in the trial court to establish the Pennywells' lack of standing and likewise has no burden to do so in this original proceeding. Similarly, Seneca has no burden to negate the Pennywells' legally incorrect construction of Rule 329b. And, as shown below, neither the Wrongful Death Act nor the rules governing post-judgment interventions conferred the necessary party-of-record status on the Pennywells in the underlying action that Rule 329b(e) requires.

### III. The Wrongful Death Act does not automatically confer "party" status to beneficiaries that do not sue.

The Pennywells' theory that they automatically obtained Rule 329b(e) "party" status in the underlying action through the Wrongful Death Act lacks merit. The Wrongful Death Act does not provide a *person* with Rule 329b(e) "party" status in a suit the *person* did not bring. The Act merely provides who may "benefit" from a wrongful death suit and who may "bring" such a suit. TEX. CIV. PRAC. & REM. CODE § 71.004(a), (b). Nevertheless, the Pennywells contend that the Wrongful Death Act automatically made each of them Rule 329b(e) parties to the underlying action since the suit's inception. (Response at 15-17). Nothing in the Act supports the Pennywells' theory.

Lacking express language in the Act to support their automatic Rule 329b "party" argument, the Pennywells invoke the Wrongful Death Act's one-suit policy as the basis for their purported "party" status in the underlying action. (Response at 15-16) (arguing section 71.004(a) of the Act's use of the term "exclusive benefit" codified the common law one-suit rule for wrongful death actions). Specifically, they argue that the Legislature's use of the term "exclusive benefit" in

22

section 71.004(a) of the Act[8] conferred "party" status on beneficiaries to challenge a judgment in a wrongful death action under Rule 329b. (Response at 16) ("Because the Legislature mandates that a single action exist for the Pennywell Family's 'exclusive benefit,' the Pennywell[s] [each] constitute a 'party' for purposes of challenging the resulting judgment."). The Pennywell's reliance on the Wrongful Death Act's one-suit policy is misplaced.

The Wrongful Death Act's one-suit policy was first announced in 1890 by the Texas Supreme Court in *Nelson v. Galveston*, 14 S.W. 1021 (Tex. 1890) and has remained unchanged since then. *See, e.g.*, *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850-51 (Tex. App.—San Antonio 1997, no pet.) (discussing the Act's one-suit policy and observing that "[a]lthough the act has undergone numerous recodifications, the import of the act has remained the same"). The *Nelson* opinion expressly recognized that the Act does *not* mandate only one suit; rather the Act's one-suit policy mandates only one *recovery* for beneficiaries: "If the mother and one child sue, and recover only the

---

[8] Section 71.004(a) provides that "[a]n action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." TEX. CIV. PRAC. & REM. CODE § 71.004(a).

23

compensation awarded them by a verdict, and, as in this case, another child sues, it cannot be precluded [from also suing] on the ground that one action has been brought by all the beneficiaries, or that one beneficiary has brought the action for all, because no such action has been brought." *Id.* Notably, the Court also observed in the *Nelson* case that the Act's contemplation of only one suit operates "to prevent the defendant, the company, from being subjected to a double payment to any one beneficiary." *Id.*; *see also Avila*, 948 S.W.2d at 850-51 (providing that the one-suit policy of the Act is for the benefit of the defendant) *Brantley v. Boone*, 34 S.W.2d 409, 411 (Tex. App.—Eastland 1931, no writ) (same). Thus, the Act's one-suit policy bars subsequent actions only where full recovery occurred in the first action. Again, the Pennywells did not file their own suit. Therefore, Seneca and the other defendants in the underlying action had no reason to invoke the double-recovery protections of the Wrongful Death Act's one-suit policy. More importantly, the one-suit policy does not confer "party" status of any sort to Wrongful Death Act beneficiaries, like the Pennywells, who did not *bring* suit and were not otherwise *joined* in a wrongful death action initiated by others.

24

In an effort to save their unmeritorious arguments under the Wrongful Death Act, the Pennywells assert that McCoy's use of the term "on behalf of" "makes up for any work the statute itself does not do in binding the Pennywell[s] to the judgment." (Response at 11). Again, whether the subject judgment is binding on the Pennywells has no bearing on their status as Rule 329b(e) parties. Moreover, the Pennywells cannot escape their own allegations in the trial court, which as shown above, provide that the underlying action totally excluded them, it was not brought on their behalf, and the complained-of judgment is not binding on them. (MR0135, 162). In any event, the Pennywells failed to provide the trial court with any affidavit or other evidence that would have established their purported standing under the Wrongful Death Act or as a Rule 329b(e) party. Accordingly, neither the Wrongful Death Act nor the record in this proceeding establishes the Pennywells' party-of-record status under Rule 329b(e).

## IV. The Pennywells' post-judgment intervention arguments fail under this Court's opinion in *State of Texas v. Naylor*.

The Pennywells' attempt to intervene post-judgment also did not provide them with Rule 329b(e) "party" status. The Pennywells do not dispute the legal rule prohibiting trial courts from considering post-

25

judgment requests to intervene in a case unless and until the trial court first sets aside its judgment. *See Naylor*, 2015 WL 3852284, at *2 ("[O]ur common law dictates that a party may not intervene post-judgment unless the trial court first sets aside the judgment."); *First Alief Bank v. While*, 682 S.W.2d 251, 252 (Tex. 1984) ("[A] plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside."). Instead, they claim an exception to this well-settled rule applies to them.

The Pennywells contend they obtained automatic Rule 329b(e) "party" status through their post-judgment intervention under Rule 60 of the Texas Rules of Civil Procedure. (Response at 31). They reason that extraordinary circumstances allowed their post-judgment intervention request to circumvent the legal rule barring intervention post-judgment until the judgment is set aside. (Response at 32). For support, the Pennywells rely on virtual-representation-doctrine cases, which provide a limited exception to the general rule that only parties of record may *appeal* a judgment. (*Id.* at 32-33) (citing *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008); *In re Lumbermens Mut. Cas. Ins. Co.*, 184 S.W.3d 718 (Tex, 2006)).

26

This Court recently rejected arguments similar to those made by the Pennywells. In *Naylor*, the State of Texas argued it had standing to intervene and pursue an appeal from a same-sex divorce action based on the State's post-judgment intervention request or alternatively based on equitable principles under the virtual representation doctrine. 2015 WL 3852284, at *2. Before addressing these arguments, the Court recognized that Texas's intervention doctrine is expansive "but not without limits" and affirmed the legal rule that a person may not intervene post-judgment unless and until the trial court first sets aside its judgment. *Id*. The Court then found that the State's post-judgment petition in intervention filed the day after the judgment was entered was untimely as the trial court never set aside its judgment to entertain the State's arguments. *Id*. at *3. Therefore, the Court held, "as a simple matter of fact and record, the State is not a party to the case." *Id*. As shown above, the same is true for the Pennywells in the underlying action.

The *Naylor* Court next addressed the State's equitable arguments, which the State contended supplied the State's standing on *appeal*. First, the Court rejected the State's attempt to invoke the virtual

27

representation doctrine as a basis for appellate standing. *Id.* In doing so, the Court first recognized that "a third party may file an *appeal* where the prospective *appellant* is 'deemed to be a party' under the doctrine of virtual representation." *Id.* at *3 (emphasis added). The Court then observed, however, that this limited equitable doctrine does not empower courts to create standing where none exists. *Id.* at *5.

The State next argued for a separate "equitable basis for appellate standing in light of the unusual importance of the issues presented." *Id.* at *4. The Supreme Court acknowledged the significant constitutional issues involved in the same-sex divorce action, but refused to create an additional exception to the post-judgment intervention rules. *Id.* at *4 ("[A]ny challenge to our marriage laws is an affront not only to the laws themselves, but also to the people of Texas."). In doing so, the Court observed that, "before [courts] can evaluate the equity of intervention, the prospective intervenor must establish its standing to present its arguments on appeal." *Id.* at 5. The Pennywells find themselves in a similar scenario in this proceeding in that they argue equity considerations without establishing their standing to extend the trial court's plenary power period under Rule 329b(e).

In this Court, the Pennywells attempt to fit their situation into the virtual representation doctrine line of cases by taking the opposite position they asserted in the trial court. The Pennywells claim in their brief that McCoy abandoned their rights and, therefore, sufficient exceptional circumstances exist to circumvent the general rule barring post-judgment intervention. (Response at 32) (citing *Ledbetter*, 251 S.W.3d at 36).[9] But the Pennywells did not claim in the trial court that McCoy abandoned their interests. Instead, the Pennywells argued that their interests were not represented by McCoy at all. Specifically, they provided in their motion for new trial that they had independent counsel and were not represented by McCoy's counsel, they were *totally excluded* from the underlying suit and had no notice of the suit, McCoy had no authority to represent their interests, and the trial court's judgment was not binding on them. (MR0135-36, 162). Thus, the trial court had no basis to apply the virtual representation doctrine in the manner proposed by the Pennywells in this Court. Moreover, no Court

---

[9] The Pennywells' attempt to characterize the underlying action as being pursued in secrecy strains credulity given that lawsuits are public proceedings and the underlying action is based in the largest county by population in the State.

29

has applied the virtual representation doctrine to confer "party" status under Rule 329b(e) to extend a trial court's plenary power period.

As a matter of equity, fairness, and consistency, if the State of Texas's important interest in protecting its marriage laws from attack cannot support an equitable exception to the post-judgment intervention rules, *see Naylor*, 2015 WL 3852284, at *5-*6, the Pennywells cannot equitably intervene post-judgment in a case they contend they were *totally excluded from* to protect purported wrongful death rights they did not assert until after the statute of limitations expired from an agreed judgment they claim is not binding on them, (MR0135-36, 162). Thus, even if equity could confer upon the Pennywells Rule 329b(e) "party" status to support their post-judgment intervention efforts, which it cannot, the Pennywells offered the trial court no equitable basis to do so. Therefore, as nonparties, the Pennywells motion for new trial did not operate to extend the trial court's plenary power period under Rule 329b(e) beyond May 5, 2014, and the trial court was without jurisdiction to set aside its judgment when it did on June 23, 2014. TEX. R. CIV. P. 329b(e); *see, e.g.*, *In re State & $15,975.85*, 221 S.W.3d at 715; *Kelly*, 915 S.W.2d at 227.

## CONCLUSION & PRAYER

As shown above and in Seneca's brief on the merits, neither the Wrongful Death Act, the post-judgment intervention rules, Rule 329b, the record, nor equity conferred Rule 329b(e) "party" status on the Pennywells. As a result, the Pennywells' motion for new trial—filed four days before the trial court's plenary power period expired—did not operate to extend the trial court's plenary power period over the underlying action under Rule 329b(e).

Accordingly, the trial court's plenary power period in the underlying case expired on May 5, 2014. The trial court, therefore, had no power to enter further orders after that date. As a result, the trial court's orders entered in the underlying case after May 5, 2014, are void, of no force and effect, and require the exercise of this Court's extraordinary writ powers to correct.

For these reasons, Relator Seneca Resources Corporation requests this Court to grant this Petition and issue a Writ of Mandamus ordering the trial court to vacate its orders entered in the underlying action after May 5, 2014, reinstate its orders of April 1 and April 4, 2014, dismissing all claims with prejudice, and remove this case from its trial docket.

Relator further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Alexander D. Burch*
    W. Ray Whitman
    rwhitman@bakerlaw.com
    State Bar No. 21379000
    Douglas D. D'Arche
    ddarche@bakerlaw.com
    State Bar No. 00793582
    Alexander D. Burch
    aburch@bakerlaw.com
    State Bar No. 24073975
    Jordan A. Sinclair
    jsinclair@bakerlaw.com
    State Bar No. 24079341
    Baker & Hostetler LLP
    811 Main St., Suite 1100
    Houston, TX 77002
    (713) 751-1600 Telephone
    (713) 751-1717 Facsimile

ATTORNEYS FOR RELATOR SENECA RESOURCES CORPORATION

## CERTIFICATION OF FACTUAL STATEMENTS

Pursuant to Rule 52.3(j) of the Texas Rules of Appellate Procedure, I have reviewed this Petition and concluded that every factual statement in the Petition is supported by competent evidence in the appendix or record.

*/s/ Alexander D. Burch*
Alexander D. Burch

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure and relying on the word-count function of the computer program used to prepare this document, I certify that the total number of words in this document is 5819.

*/s/ Alexander D. Burch*
Alexander D. Burch

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply Brief has been served in accordance with the Texas Rules of Appellate Procedure via electronic filing service and/or certified mail, return receipt requested on this 27th day of August, 2015.

| | |
|---|---|
| The Honorable Judge Wesley Ward Presiding Judge, 234th Judicial District Court Harris County, Texas Harris County Civil Courthouse 201 Caroline, 13th Floor Houston, Texas 77002 Telephone No.: (713) 368-6350 | Baxter W. Banowsky bwb@banowsky.com Banowsky & Levine, P.C. 12801 N. Central Expressway Suite 1700 Dallas, Texas 75243 **_Counsel for Tammi McCoy_** |
| Chad Flores cflores@beckredden.com 1221 McKinney, Suite 4500 Houston, Texas 77010 Telephone: 713.951.3700 Facsimile: 713.951.3720 -and- Harold Eisenman Harold@eisenmanlaw.com 2603 Augusta Dr., Ste. 1025 Houston, Texas 77057 Telephone No.: 713.840.7180 Facsimile No: 713.840.9620 **_Counsel for Joyce Ann Pennywell, Alana Pennywell, Rachel Pennywell, and Curly Pennywell_** | Frank A. Piazza, Jr. fpiazza@brothers-law.com Two Memorial City Plaza 820 Gessner, Suite 1075 Houston, Texas 77024 **_Counsel for Patterson UTI-Drilling Company LLC_** |
| | James Watkins james.watkins@roystonlaw.com Royston Rayzor The Hunter Building 306 22nd Street, Suite 301 Galveston, Texas 77550 **_Counsel for Cenergy International Services, LLC_** |

/s/ Alexander D. Burch
Alexander D. Burch